**UNITED STATES of America, Appellee,**

v.

**Paul Richard KRASAWAY, Appellant.**

**No. 88–5418.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1989.
Decided Aug. 4, 1989.

---

James E. Ostgard, Minneapolis, Minn., for appellant.

Henry J. Shea, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before FAGG, Circuit Judge, and ROSS and TIMBERS,* Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Paul Richard Krasaway appeals from an order of the district court[1] entered upon a jury verdict finding him guilty on two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Krasaway was sentenced to a two-year term on each of the drug counts, to be served concurrently, and to a mandatory five-year term without possibility of parole, to run consecutive to the terms imposed for the drug counts. On appeal, he argues that the evidence seized from his house and pickup truck should have been suppressed at trial because the search warrant was impermissibly broad. He also asserts that there was insufficient evidence to support his firearm conviction. We affirm.

Krasaway was arrested on January 21, 1988, in Duluth, Minnesota after a special agent with the Minnesota Bureau of Criminal Apprehension (BCA) arranged to purchase cocaine from him through a government informant. The BCA agent had purchased cocaine from Krasaway using the same informant on at least two prior occasions.

The day prior to Krasaway's arrest, BCA agents obtained a search warrant of Krasaway's person, pickup truck, and residence.[2]

---

* The HON. WILLIAM H. TIMBERS, United States Senior Circuit Judge for the Second Circuit, sitting by designation.

1. The Hon. Donald D. Alsop, Chief Judge, United States District Court for the District of Minnesota.

2. The search warrant authorized the search and seizure of the following items:

Upon his arrest, police officers discovered quantities of cocaine in plastic bags, drug paraphernalia and a large sum of cash (over $1,000) on Krasaway's person. Officers also discovered a loaded .380 Walther PPK–S semi-automatic pistol wedged down between the driver's seat and the transmission housing of Krasaway's pickup truck. Krasaway then accompanied officers to his residence where bags of cocaine and drug paraphernalia (including glass with razor blades, straws, screens, syringes, spoons, a pipe, a hemostat, zigzag papers, and packaging bags and vials) were discovered.

Prior to trial, Krasaway sought to suppress all evidence obtained from his pickup truck and residence on the ground that the search warrant was impermissibly overbroad under the fourth amendment. On July 6, 1988, the magistrate concluded that the search did not constitute an invalid "general warrant" and recommended that the motion to suppress be denied. In a pretrial hearing on July 19, 1988, the district court adopted the magistrate's report and recommendation, but alternatively found that under the severance approach adopted in *United States v. Fitzgerald*, 724 F.2d 633 (8th Cir.1983) (en banc), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 538 (1984), the objectionable por-

tion of the warrant could be severed away, leaving the balance of the warrant valid. Because none of the seized items fell within the severed objectionable portions of the warrant, the motion to suppress was denied.

At trial, Krasaway testified that he used, sold and gave away substantial quantities of cocaine prior to his arrest. He also admitted that at the time of his arrest the firearm was located within arm's reach between the driver's seat and the transmission housing of his truck. Krasaway testified, however, that he placed the handgun in the truck several days prior to his arrest for target practice, and that he had purchased and cared for the handgun as an investment. He also testified that the handgun, although loaded with an ammunition clip, (1) did not have a bullet in the chamber, (2) had the safety on, and (3) was secured in a holster with a strap. The case was then submitted to the jury, which found Krasaway guilty on two counts of possession with intent to distribute cocaine and on one count of possession of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1).[3]

### I.

We begin by considering Krasaway's contention that the evidence seized from

---

1. Controlled substances including, but not limited to, cocaine.

2. Paraphernalia for packaging, weighing and distributing cocaine or other controlled substances.

3. Books, records, receipts, notes, ledgers and other papers relating to the transportation, order, purchase and distribution of cocaine or other controlled substances.

4. Address and/or telephone books, papers and other items reflecting names, addresses, and telephone numbers of co-defendants or conspirators.

5. Books, records, receipts, bank statements, money drafts, letters of credit, money orders and cashiers check receipts, passbook documents indicating the locations of safety deposit boxes and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer and/or expenditure of money.

6. United States currency, precious metals, jewelry, financial statements or documents including, but not limited to, stocks and bonds, and other valuables purchased with the fruits

and proceeds of controlled substance transactions.

7. Indicia of occupancy, residency, or payments of utilities and rent.

8. Photographs, including, but not limited to, photographs of co-conspirators, assets, and controlled substances.

3. 18 U.S.C. § 924(c)(1) provides, in relevant part:

Whoever, during and in relation to any crime of violence or drug trafficking crime * * * uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years * * *. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment * * *. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

his truck and residence should have been suppressed at trial. Krasaway argues that the search warrant constituted an invalid "general warrant" because it did not state with sufficient particularity the items to be seized. He also argues that the warrant was so general that the application of the severance doctrine is improper in this case.

The fourth amendment requires that a warrant describe the items to be seized with sufficient particularity so that the items can be reasonably identified by the person conducting the search. *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir.1986). The purpose of this requirement is to deter unlawful police conduct of indiscriminate rummaging through a person's belongings. *Id.; Fitzgerald, supra*, 724 F.2d at 636–37. "It also ensures that the magistrate issuing the warrant is fully apprised of the scope of the search and can thus accurately determine whether the entire search is supported by probable cause." *Spilatro, supra*, 800 F.2d at 963. We have previously recognized that:

> "[T]he standard used to determine the adequacy of the warrant description is one of "practical accuracy," and that the degree of specificity may necessarily vary according to the circumstances and type of items involved. "Where the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice."

*United States v. Porter*, 831 F.2d 760, 764 (8th Cir.1987) (quoting *United States v. Johnson*, 541 F.2d 1311, 1313 (8th Cir. 1976)), *cert. denied*, —— U.S. ——, 108 S.Ct. 1037, 98 L.Ed.2d 1001 (1988). Furthermore, even where portions of a search warrant fail to describe some of the items of the search with sufficient particularity, this circuit has adopted the severance approach, permitting the insufficiently particular portions of the warrant to be severed from the rest. *Fitzgerald, supra*, 724 F.2d at 636. In such instances, only items seized under

the invalid portions of the warrant must be suppressed. *Id.* at 637.

■ Although we agree with Krasaway that items No. 4 through No. 8 of the warrant were not drafted with a great degree of specificity, we find that the district court correctly concluded that the warrant did not constitute an invalid "general warrant," permitting a general, exploratory rummaging through Krasaway's belongings. The warrant was properly supported by affidavits describing the BCA's surveillance of Krasaway's drug activities and a more precise description of those items, i.e., indicia of Krasaway's drug activities, was unascertainable at the time the warrant was obtained. Under the circumstances of this case, we find that the search warrant descriptions of the items to be seized were sufficiently specific.

■ We also agree with the district court's conclusion that, alternatively, the objectionable portions of the warrant could be severed away under *Fitzgerald, supra*, leaving the remainder of the warrant valid. If the warrant were to be severed in such a manner, the evidence seized from Krasaway's residence would clearly fall within the remaining valid portions of the warrant. Under these circumstances we have no difficulty finding that the district court properly denied Krasaway's motion to suppress.[4]

## II.

■ Next we consider Krasaway's claim that the evidence was insufficient to support his firearm conviction under 18 U.S.C. § 924(c). He specifically asserts that the evidence failed to establish intent, i.e., that he carried the firearm for the purpose of facilitating his drug transactions.

In order to be convicted under 18 U.S.C. § 924(c), the government must prove beyond a reasonable doubt that the defendant used or carried a firearm "during and in

---

4. We also find that the firearm, although not described in the search warrant, was properly seized on "plain view" grounds during the execution of the warrant. *See United States v. Fitzgerald*, 724 F.2d 633, 636–37 (8th Cir.1983)

(en banc), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 538 (1984). Thus, the district court properly denied the motion to suppress with respect to the handgun.

relation to any crime of violence or drug trafficking crime." In this case the jury was instructed that:

> [T]he defendant is considered to have used a firearm if its presence in his possession in any manner facilitated the carrying out of the drug trafficking crime.... It is enough that defendant had both the power and intention to exercise dominion and control over the firearm, that such firearm was available to the defendant and that such possession and availability facilitated the carrying out of the drug trafficking crime.

In determining whether the evidence was sufficient to support Krasaway's firearm conviction, this court must view the evidence in the light most favorable to the government. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The government is entitled to all inferences that reasonably may be drawn from the evidence, and all issues of fact must be resolved in favor of the jury verdict. *United States v. Garcia,* 785 F.2d 214, 225 (8th Cir.), *cert. denied,* 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986).

Upon reviewing the record, we find that there was sufficient evidence for a reasonable jury to have concluded that Krasaway carried the firearm for the purpose of facilitating his drug transactions. At trial, Krasaway admitted that he sold cocaine to approximately fifty different individuals between October 1986 and his arrest in January 1988, that he exercised caution in selling cocaine to unknown customers, and that he had some concern for his safety with respect to other individuals involved in drug activities in Duluth. He also admitted that the handgun was placed within reach under the driver's seat, and that he could unholster and ready the weapon for firing within three to five seconds. Although Krasaway testified that he purchased and cared for the handgun as an investment, he conceded on cross examination that the weapon would have been better protected if it had been secured in the glove compartment. He also failed to provide any supporting evidence for his claim that the handgun was placed in the truck for target shooting.

Based on this evidence, and the well recognized nexus between drugs and firearms, *Lyons v. Robinson,* 783 F.2d 737, 739 (8th Cir.1985); *United States v. McDaniel,* 773 F.2d 242, 247 n. 4 (8th Cir.1985), the jury was entitled to infer that Krasaway carried the handgun to ensure his personal safety and to facilitate his drug transactions.

For the reasons stated above, we affirm the district court's denial of the motion to suppress, and the appellant's conviction on the firearm charge and the two drug charges.