902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy Earl VINCENT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-6483.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, Timothy Earl Vincent, appeals an order of the district court which denied his motion to vacate sentence. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1987, a jury found petitioner guilty of possession of narcotics with the intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and possession of a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c). As punishment, the District Court for the Western District of Kentucky sentenced him to a total of eight years imprisonment. After failing to take a direct appeal, petitioner challenged the validity of his convictions in a motion to vacate sentence under 28 U.S.C. Sec. 2255. In support of his request for that relief, he alleged that: 1) his conviction for use of a firearm during the commission of a drug trafficking offense was the product of an erroneous jury instruction; 2) there was insufficient evidence to support his conviction for that offense; and 3) his trial counsel had been ineffective. The district court, however, rejected each of those claims and denied the motion to vacate sentence. Petitioner then filed this appeal.
 
 
 3
 Based upon a review of the record, the court has concluded that the district court did not err in denying the motion to vacate sentence. First, because petitioner did not make a contemporaneous objection or take a direct appeal, petitioner cannot prevail on his claim regarding the district court's instructions to the jury unless he can show both cause for his failure to raise that issue in earlier proceedings and that he was actually prejudiced thereby. United States v. Frady, 456 U.S. 152, 164-67 (1982). This court has examined the transcript of petitioner's trial and has concluded that the evidence of his guilt was so overwhelming that he cannot establish prejudice as a result of the allegedly erroneous instruction. Furthermore, as prejudice is a necessary element of any claim for ineffective assistance of counsel, the same evidence of guilt precludes petitioner's success on the basis of that argument. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Finally, the evidence of guilt clearly satisfies the test for sufficiency of evidence set forth in Jackson v. Virginia, 443 U.S. 307, 324 (1979). See also United States v. Krasaway, 881 F.2d 550, 554 (8th Cir.1989).
 
 
 4
 Accordingly, the district court's final order denying the motion to vacate sentence is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.