# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2776

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Monte Joe Ryan, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 11, 2001

Filed:  June 12, 2002

_____

Before McMILLIAN and MURPHY, Circuit Judges, and BATTEY,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Monte Joe Ryan appeals from a judgment entered upon his conditional guilty plea to manufacturing five or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  He reserved his right to appeal the district court's[2] denial of his

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa.  Judge Melloy has recently been appointed to the United States Court of Appeals for the Eighth Circuit.

suppression motion. The district court sentenced Ryan to 92 months imprisonment and four years supervised release. Finding no error, we affirm.

On December 21, 1999, a state magistrate judge issued a search warrant based on an application by Cedar Rapids, Iowa police officer Phillip Hansen. In the affidavit in support of the application, Hansen stated the following. A caller to the police department had reported that a strong odor of what appeared to be ether was coming from an area in Cedar Rapids. The caller noted that a weaker odor of ether had been present for about a week and a half. Officers arrived at the scene and were directed to a house from which the odor emanated. When Mamie Lockhart, an 87-year-old resident of the house, opened the door, the officers encountered a "strong blast" of ether. The officers then evacuated the residents, including Ryan. A passerby told one of the officers that drugs were in the house. The officers asked Ryan, who according to the affidavit rented the basement of the house and had narcotics-related convictions, for permission to search and he refused. Hansen, who was called to the scene, knew from his training that the manufacture of methamphetamine gives off ether-like odors. During the search, officers found items used to manufacture methamphetamine in the basement and garage.

We first address Ryan's argument that the district court erred in denying his request for a hearing under Franks v. Delaware, 438 U.S. 154 (1978). The district court did not abuse its discretion. See United States v. Hollis, 245 F.3d 671, 673 (8th Cir. 2001) (standard of review). Ryan failed to make a substantial preliminary showing that Hansen intentionally or recklessly misstated or omitted facts and that the facts were necessary to a finding of probable cause. See United States v. Goodson, 165 F.3d 610, 613 (8th Cir.), cert. denied, 527 U.S. 1030 (1999). Ryan did not make such a showing based on his argument that Hansen misstated his criminal history by characterizing his convictions for possession of marijuana as "narcotics-related" offenses. It is true, as the government notes, that under federal law, marijuana is not classified as a narcotic drug. See 21 U.S.C. § 802(17). Nor is

marijuana classified as a narcotic drug under state law. See Iowa Code § 124.101(18). However, as the government argues, Hansen's characterization of the convictions as narcotics-related cannot be considered an intentionally false or a recklessly made statement. "Search warrant '[a]pplications and affidavits should be read with common sense and not in a grudging, hyper technical fashion.'" Goodson, 165 F.3d at 613 (quoting Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998)). The term 'narcotics' has been defined to mean "[a] drug that is controlled or prohibited by the law." Black's Law Dictionary 1044 (7th ed. 1999). Marijuana is a controlled substance under both federal and state law. See 21 U.S.C. § 802(16); Iowa Code § 124.101(17). Indeed, our court has referred to marijuana convictions as narcotics-related convictions. See United States v. Aguilera, 179 F.3d 604, 608 (8th Cir. 1999). Thus, Hansen's characterization did not "reflect deliberate falsehoods or reckless disregard for the truth." United States Johnson, 64 F.3d 1120, 1127 (8th Cir. 1995), cert. denied, 516 U.S. 1139 (1996). Nor did Ryan show that Hansen intentionally or recklessly omitted to state that he (Ryan) was Lockhart's grandson; that she could not smell the ether; that he had offered a non-criminal explanation of the source of the ether; and that the officers who first arrived at the scene did not have special training or knowledge concerning the manufacturing of methamphetamine. In any event, inclusion of these matters would not have affected the probable cause determination.

The district court also did not err in concluding that probable cause supported the search. As did the defendant in United States v. Nation, 243 F.3d 467, 470 (8th Cir. 2001), Ryan "argues that the odor of ether, a non-controlled substance, cannot constitute probable cause." However, in Nation, we rejected this argument. We noted that "'[i]n making a determination of probable cause the relevant inquiry is not whether particular conduct is "innocent" or "guilty," but the degree of suspicion that attaches to particular types of noncriminal activity.'" Id. (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)). We also noted that in making a probable cause determination,"we do not evaluate each piece of information independently; rather,

we consider all of the facts for their cumulative meaning." Id. In so doing, we concluded that the odor of ether, coupled with the other facts of the case, established probable cause. Id.; see also United States v. Clayton, 210 F.3d 841, 845 (8th Cir. 2000) (officer "developed probable cause for a search based on his immediate perception of an odor associated with methamphetamine production"). Likewise, in this case, the odor of ether, coupled with the other facts of the case, established probable cause. Among other things, the officers were met with a "strong blast" of the smell of ether when the door to the house was opened; a person reported that drugs were in the house; Hansen knew that an odor of ether is given off in the manufacture of methamphetamine; and Ryan had a history of drug convictions. See United States v. Sumpter, 669 F.2d 1215, 1222 (8th Cir. 1982) ("individual's prior criminal activities and record have a bearing on the probable cause determination").[3]

Even if probable cause were lacking, we agree with the district court that the evidence was admissible under the good faith exception of United States v. Leon, 468 U.S. 897 (1984). Although the "exception will not apply if a defendant makes a substantial showing that the affiant intentionally or recklessly misstated or omitted facts[,]" as discussed, Ryan did not make such a showing. United States v. Gipp, 147 F.3d 680, 688 (8th Cir. 1998)

Accordingly, we affirm.

---

[3]In United States Sumpter, 669 F.2d 1215, 1221 (8th Cir. 1982), we noted that a judge properly considered a defendant's criminal record even though "it was not presented with optimum clarity and attention to detail" because "the judge reviewing the application was clearly apprised of the relevant fact that the [defendant] had previously been arrested and convicted for drug-related activities."

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.