# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1802

———————

United States,                                    *
                                                  *
                    Appellee,                     *
                                                  *   Appeal from the United States
        v.                                        *   District Court for the
                                                  *   Eastern District of Arkansas.
John M. Legros,                                   *
                                                  *   [UNPUBLISHED]
                    Appellant.                    *

———————

Submitted: January 17, 2008
Filed: January 29, 2008

———————

Before BYE, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

After the district court[1] denied his motion to suppress evidence seized pursuant to a search warrant, John Legros entered a conditional plea of guilty to possessing one or more firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Fed. R. Crim. P. 11(a)(2) (with consent of court and government, defendant may enter conditional plea of guilty and reserve right to have appellate court review adverse determination of specified pretrial motion). On appeal, Legros argues that the district court erred in denying his suppression motion because the warrant's supporting affidavit failed to establish probable cause, and the warrant was overbroad.

———————

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Upon careful review, we hold that the supporting affidavit provided a substantial basis for concluding that probable cause existed. *See United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (standard of review); *United States v. Tyler*, 238 F.3d 1036, 1038 (8th Cir. 2001) (court considers all facts for cumulative meaning in determining whether probable cause exists); *see also Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983) (relevant inquiry in probable-cause determination is not whether particular conduct is "innocent" or "guilty," but degree of suspicion that attaches to particular types of noncriminal acts); *United States v. Ryan*, 293 F.3d 1059, 1062 (8th Cir. 2002) (holding that odor of ether coupled with other facts established probable cause); *United States v. Nation*, 243 F.3d 467, 470 (8th Cir. 2001) (probable cause does not require that police observe every component in illegal drug operation before applying for warrant); *United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993) (whether averments in affidavit are sufficiently timely to establish probable cause depends on particular circumstances of case, and vitality of probable cause cannot be quantified by simply counting number of days between occurrence of facts and issuance of affidavit).

We also agree with the district court's determination that the warrant was not overbroad. *See United States v. Gleich*, 397 F.3d 608, 611 (8th Cir. 2005) (to satisfy particularity requirement of Fourth Amendment, items to be seized must be described with sufficient particularity as to enable searcher to locate items with reasonable effort and avoid seizing wrong items); *see also United States v. Krasaway*, 881 F.2d 550, 553 (8th Cir. 1989) (affirming district court's denial of motion to suppress because, even if objectionable portions of warrant were severed, evidence seized from residence would clearly fall within valid portions of warrant).

Because the search warrant was valid, we need not address Legros's argument regarding the inapplicability of the "good faith" exception.

Accordingly, we affirm.

_____