# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3520
_____

United States of America

*Plaintiff - Appellee*

v.

Keith Brian Donnell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 14, 2013
Filed: August 13, 2013

_____

Before LOKEN, BRIGHT, and BYE, Circuit Judges.

_____

BRIGHT, Circuit Judge.

A federal grand jury indicted Keith Brian Donnell for possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking offense. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c)(1)(A). The charges stemmed

from the execution of an anticipatory search warrant[1] of Donnell's residence on the Red Lake Indian Reservation. The evidence seized from the search included, among other things, approximately five pounds of marijuana, $12,622 in U.S. currency[2] and five firearms. After the search, Donnell received his *Miranda* warnings but proceeded to make some incriminating statements.

Donnell moved to suppress the evidence and his statements arising from the search. The district court[3] denied the motions and Donnell pleaded guilty[4] to the charges. The district court sentenced Donnell to a total term of 60 months (five years) and 1 day in prison. Donnell appeals the denial of his suppression motions.

On appeal, Donnell contends the search of his home was not supported by probable cause because the required triggering conditions were not satisfied. Donnell also contends his incriminating statements to law enforcement must be suppressed as fruit of an illegal search. The parties do not dispute the factual background preceding execution of the warrant, which we summarize below.

Special Agent Wambach, with the cooperation of a confidential informant, completed a number of controlled purchases of drugs from an individual named Roy.

---

[1]"An anticipatory warrant is a warrant based upon an affidavit showing probable cause that at some future time (but not presently) certain evidence of crime will be located at a specified place." *United States v. Grubbs*, 547 U.S. 90, 94 (2006) (internal quotation omitted).

[2]Of the $12,622 in U.S. currency, $2,000 were marked funds Wambach gave to Roy during the controlled purchase before the warrant's execution.

[3]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

[4]Donnell entered into a conditional guilty plea agreement, preserving his right to appeal the district court's denial of his suppression motions.

On at least one occasion, the purchase occurred at the Seven Clans Casino parking lot, near Red Lake, Minnesota. Based on his contacts with Roy and the confidential informant, Wambach had reason to suspect that Roy received the drugs from Donnell's home, located approximately 12 miles from the Seven Clans Casino.

A drug task force agent with knowledge of the underlying facts submitted an application for a search warrant. The accompanying affidavit identified the property to be searched as Donnell's "residence" and described it as a "trailer house/mobile home" and "[a]ny outbuildings and surrounding curtilage of the [trailer.]" The affidavit conditioned probable cause on the following: (1) law enforcement maintains direct visual surveillance of Roy's vehicle from the time Wambach provides the investigative funds to Roy for the purchase of marijuana until Roy's vehicle arrives at Donnell's residence; (2) law enforcement maintains direct visual surveillance of Roy's vehicle leaving Donnell's residence and until Roy meets again with Wambach; and (3) Wambach confirms receipt of some form of controlled substance from Roy. A magistrate judge issued the warrant.

Wambach again arranged to meet Roy at the Seven Clans Casino parking lot to complete another controlled purchase. Again, Roy indicated to Wambach that he needed to obtain marijuana from his source. While under surveillance, Roy drove to a driveway which led solely to Donnell's house. An unidentified vehicle suddenly appeared and turned onto the driveway ahead of Roy. Law enforcement lost sight of Roy's vehicle as it proceeded up the driveway. Six minutes later, law enforcement regained sight of Roy's vehicle as it left Donnell's driveway and continued the surveillance until Roy made contact with Wambach near the Seven Clans Casino parking lot. Roy provided Wambach with approximately two pounds of suspected marijuana.

On appeal of a denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v.*

*Lemon*, 590 F.3d 612, 614 (8th Cir. 2010). Probable cause to issue a search warrant exits if there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "Anticipatory warrants are . . . no different in principle from ordinary warrants. They require the magistrate to determine (1) that it is *now probable* that (2) contraband, evidence of a crime, or a fugitive *will be* on the described premises (3) when the warrant is executed." *United States v. Grubbs*, 547 U.S. 90, 96 (2006).

The dispositive issue here is whether the triggering conditions were satisfied. The district court adopted the magistrate judge's conclusion that the triggering conditions were satisfied. Specifically, the magistrate judge concluded that "a common sense reading of the warrant only required law enforcement to observe Roy's vehicle leaving the residential property of [Donnell], which would include the driveway that exclusively led to [Donnell's] house." *United States v. Donnell*, No. 11-365, 2012 WL 928283, at *4 (D. Minn. Feb. 2, 2012). Donnell contends the loss of continuing visual contact with Roy's vehicle for six minutes violated the first and second triggering conditions.

The conclusion that law enforcement satisfied the triggering conditions by maintaining direct visual surveillance of Roy's vehicle entering and leaving Donnell's residence rests on the view that the residence includes the driveway at which law enforcement lost sight of Roy's vehicle. The search warrant application included maps showing Donnell's house was located in a secluded area and the parties do not dispute that the driveway leads solely to Donnell's house. The district court's common sense interpretation that the residence includes the driveway leading to Donnell's house is, in our view, not error. *See United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008) ("The affidavit for a search warrant should be examined using a common sense approach, and not a hypertechnical one."); *Gates*, 462 U.S. at 238 (endorsing a practical common-sense appraisal of whether, given the circumstances set forth in the affidavit, there is a fair probability that contraband or

-4-

evidence of a crime will be found in a particular place).  An argument similar to Donnell's failed in *United States v. Vesikuru*, 314 F.3d 1116, 1123 (9th Cir. 2002) (approving a common-sense rather than a hypertechnical and narrow reading of a search warrant and supporting affidavit when determining whether a triggering condition occurred).

Accordingly, we reject the appeal and affirm the conviction.[5]

_____

[5]Because we conclude that the triggering conditions of the warrant were met, we need not address Donnell's argument regarding his *Mirandized* statements.