# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2229

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory M. Shockley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 19, 2015
Filed: March 23, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Gregory M. Shockley was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After the district court denied his motion to suppress, Shockley conditionally pleaded guilty, reserving his right to appeal the suppression issue. The district court sentenced him to 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Shockley appeals both the denial of his motion to suppress and his

sentence. We affirm the denial of Shockley's motion to suppress. We vacate his sentence and remand for resentencing in light of *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015).

I.

In February 2012, Kansas City Police began investigating Shockley for drug trafficking. Several months later, police suspected that Shockley was involved in a homicide after learning that he was the homicide victim's pimp and drug dealer and that he had fought with the victim hours before her death. Investigating officers went to Shockley's residence to search his trash in connection with the drug-trafficking and murder investigations. Officers retrieved and examined a single bag of trash, which contained eight small, clear plastic sandwich bags with stretched and torn corners; a small amount of a green leafy substance that tested positive for tetrahydrocannabinol ("THC"), the main active ingredient in marijuana; eleven plastic gloves; and two pieces of mail belonging to Shockley and mailed to Shockley's address. The trash also contained a torn, red-stained piece of cloth that investigators believed had come from a tank top that the homicide victim was wearing several hours before her death.

As a result of these findings, police obtained a search warrant for Shockley's residence. The magistrate judge issued the warrant based on an affidavit from Detective Leland Blank, which summarized the drug and homicide investigations of Shockley and described the items police found in his trash. During the search, police found firearms, ammunition, two digital scales, a small quantity of marijuana, and bags that contained methamphetamine and cocaine residue.

A grand jury indicted Shockley for being a felon in possession of a firearm. He filed a motion to hold a *Franks* hearing and to suppress evidence seized during the search of his home. *See Franks v. Delaware*, 438 U.S. 154 (1978). Shockley argued that the search-warrant affidavit contained omissions and false and misleading

statements regarding the homicide investigation. He claimed that the affidavit would not support finding probable cause absent Detective Blank's false statements. The magistrate judge issued a report and recommendation denying Shockley's motion, finding that Detective Blank provided sufficient facts to support probable cause based on Shockley's drug-trafficking activity. Because Shockley did not challenge any statements relating to the drug investigation, the allegedly false statements about the homicide investigation were not necessary to find probable cause to support issuing a search warrant. The district court adopted the report and recommendation over Shockley's objection.

After the denial of his suppression motion, Shockley conditionally pleaded guilty to being a felon in possession of a firearm, reserving his right to appeal the suppression issue. Shockley's presentence investigation report ("PSR") listed three prior felony convictions for resisting arrest. Because these offenses qualified as violent felonies under the residual clause of the ACCA, Shockley was subject to a fifteen-year minimum sentence as an armed career criminal. The district court sentenced him to the mandatory minimum of 180 months' imprisonment.

## II.

Shockley presents two challenges on appeal. First, he argues that the district court erred by denying his motion to suppress and to hold a *Franks* hearing because the search-warrant affidavit contained false statements, and in the absence of those statements, the affidavit would not have supported probable cause to search his home. Second, he argues that the district court erred by applying the ACCA's residual clause to find that his three prior felonies were predicate offenses under that statute.

A.

We review the denial of a *Franks* hearing for abuse of discretion. *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir.), *cert. denied*, 577 U.S. ---, 136 S. Ct. 139 (2015). A defendant may obtain a *Franks* hearing if (1) he makes a "substantial preliminary showing" that the affiant intentionally or recklessly included a false statement in the warrant affidavit, and (2) the false statement was "necessary to the finding of probable cause." *United States v. Jacobs*, 986 F.2d 1231, 1233-34 (8th Cir. 1993) (quoting *Franks*, 438 U.S. at 155-56). The district court denied Shockley's request for a *Franks* hearing after finding that the affidavit provided probable cause to issue the search warrant based on Shockley's drug-related activity. Because Shockley did not challenge any statements relating to the drug investigation, the allegedly false statements about the homicide investigation were not necessary to find probable cause to support issuing a search warrant.

We agree with the district court that the unchallenged statements in the affidavit provided sufficient facts to support a warrant to search Shockley's home. Probable cause to issue a search warrant exists if, in light of the totality of the circumstances, there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Donnell*, 726 F.3d 1054, 1056 (8th Cir. 2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "Many of our cases recognize that the recovery of drugs or drug paraphernalia from the garbage contributes significantly to establishing probable cause."[1] *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003); *see also United States v. Seidel*, 677 F.3d 334, 338 (8th Cir. 2012) (collecting cases). In fact, we have found probable cause based solely on evidence found in trash pulled from outside a suspect's home. *See, e.g.*, *Briscoe*, 317 F.3d at

---

[1]Shockley does not challenge the police search of his trash. *See United States v. Comeaux*, 955 F.2d 586, 589 (8th Cir. 1992) (holding that warrantless search of defendant's trash was not unlawful because defendant had no expectation of privacy where trash was readily accessible to the public).

908 (holding that forty marijuana seeds and twenty-five stems found in the garbage outside defendant's home were "sufficient *stand-alone* evidence to establish probable cause") (emphasis in original).

In this case, the affidavit provided probable cause to search Shockley's home for evidence of drug trafficking. The affidavit stated that police found Shockley in possession of marijuana and cocaine during several encounters in 2012. The affidavit also stated that officers searching Shockley's trash in May 2012 found evidence connecting Shockley to drug-trafficking activity, including eight small, clear plastic sandwich bags with stretched and torn corners; a small amount of a green leafy substance that tested positive for THC; and eleven plastic gloves. This evidence was sufficient to support probable cause to search Shockley's residence for controlled substances. *See, e.g.*, *United States v. Allebach*, 526 F.3d 385, 387 (8th Cir. 2008) (holding that "two plastic bags with cocaine residue, two corners torn from plastic bags, Brillo pads, [and] a film canister with white residue . . . were sufficient to establish probable cause that cocaine was being possessed and consumed in [the defendant's] residence"). Because the unchallenged statements in the affidavit provided probable cause to search Shockley's home for evidence of drug trafficking, the district court did not err by denying Shockley's motion to hold a *Franks* hearing and to suppress evidence. *United States v. Ryan*, 293 F.3d 1059, 1061 (8th Cir. 2002) (holding that defendant is not entitled to *Franks* hearing unless false statement or omission is "necessary to a finding of probable cause").[2]

---

[2]Because the affidavit's unchallenged statements concerning the drug-trafficking investigation provided probable cause, we need not address Shockley's allegation that the affidavit contained false statements relating to the homicide investigation.

B.

We next turn to Shockley's argument that the district court erred by sentencing him as an armed career criminal under 18 U.S.C. § 924(e)(1). "We review *de novo* whether a prior conviction is a predicate offense under the ACCA." *United States v. Humphrey*, 759 F.3d 909, 911 (8th Cir. 2014) (quoting *United States v. Van*, 543 F.3d 963, 966 (8th Cir. 2008)). Shockley's PSR lists three prior felony convictions for resisting arrest under a Missouri statute that states, in relevant part:

> 1. A person commits the crime of resisting or interfering with arrest, detention, or stop if . . . the person:
>
> (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or
>
> (2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

Mo. Rev. Stat. § 575.150. Violating the statute constitutes a felony if either (1) the defendant resisted or interfered with an arrest for a felony offense, or (2) the defendant resisted arrest "by fleeing in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person." § 575.150.5.

Because the district court determined that these prior convictions were violent felonies under the ACCA's residual clause, Shockley was subject to a mandatory minimum sentence of fifteen years' imprisonment. However, while this appeal was pending, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. Thus, Shockley's prior convictions no longer can qualify as predicate offenses under the ACCA's residual

-6-

clause. The remaining question, then, is whether Shockley's prior felonies can qualify as predicate offenses under the ACCA's force clause.

The force clause of the ACCA encompasses felony offenses that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In determining whether a prior conviction qualifies as a predicate offense triggering a sentencing enhancement, we apply the "categorical approach," under which we "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990). However, "[i]f one alternative in a divisible statute qualifies as a violent felony, but another does not, we apply the 'modified categorical approach' to determine under which portion of the statute the defendant was convicted." *United States v. Tucker*, 740 F.3d 1177, 1180 (8th Cir. 2014) (en banc); *see also Johnson v. United States*, 559 U.S. 133, 144 (2010) (noting that the modified categorical approach applies to force-clause determinations). "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* (quoting *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276, 2281 (2013)).

Here, the Missouri statute includes conduct that falls under the ACCA's force clause, such as resisting arrest, stop, or detention "by using or threatening the use of violence or physical force." Mo. Rev. Stat. § 575.150.1(1). However, the statute also defines the offense to include fleeing from an officer. *Id.* We thus turn to the modified categorical approach, which permits us to consider a narrow class of documents to determine the subdivision of the Missouri statute under which Shockley was convicted. *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

The only evidence in the record establishing Shockley's three prior convictions comes from his PSR, to which he did not object. The three relevant entries in the PSR each state that Shockley was convicted for a felony violation of section 575.150, and each provides a brief description of the underlying facts, based on "court records." Without more information about the source of these offense descriptions, we cannot rely on the factual assertions in Shockley's PSR. *See United States v. Ossana*, 638 F.3d 895, 903 (8th Cir. 2011) ("[I]n applying the modified categorical approach, sentencing courts may not look to factual assertions within federal presentence investigation reports—even if the defendant failed to object to the reports—where the source of the information in the reports might have been from a non-judicial source."). And without evidence establishing which portion of the statute Shockley was convicted for violating, we cannot conclude that any of his prior convictions were violent felonies under the force clause.

Accordingly, we vacate Shockley's sentence and remand to the district court for resentencing. At the initial sentencing hearing—which occurred before *Johnson*—the Government and the district court relied on the residual clause to determine that Shockley's prior offenses were violent felonies. This "may have impeded full development of the record" because the Government had no reason to submit documents that could have established that Shockley's prior convictions fell within the ACCA's force clause. *See United States v. Williams*, 627 F.3d 324, 329 (8th Cir. 2010). "We do not impose any limitations on the evidence that the district court may consider on remand, so the court 'can hear any relevant evidence . . . that it could have heard at the first hearing.'" *United States v. King*, 598 F.3d 1043, 1050 (8th Cir. 2010) (quoting *United States v. Dunlap*, 452 F.3d 747, 750 (8th Cir. 2006)).

Shockley also argues that, in light of *Johnson*, we should remand with instructions that the district court not assess a sentencing enhancement under USSG § 2K2.1, which incorporates the same predicate offenses as the ACCA. *See* USSG

§ 4B1.2(a). Our circuit has not decided whether *Johnson*'s void-for-vagueness standard applies to the sentencing guidelines. *See United States v. Ellis*, No. 15-1261, 2016 WL 859936, at *2 (8th Cir. Mar. 7, 2016). We decline to resolve this issue or otherwise instruct the district court in calculating Shockley's advisory sentencing guidelines range on remand.

## III.

For the foregoing reasons, we affirm Shockley's conviction, but we vacate his sentence and remand for resentencing.

_____