**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2998
_____

UNITED STATES OF AMERICA

v.

DANTE KELEEK DARBY,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-14-cr-00123-001
District Judge: The Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2017

Before: SMITH, *Chief Judge,* HARDIMAN and KRAUSE, *Circuit Judges*

(Opinion Filed:  March 30, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

SMITH, *Chief Judge.*

Defendant Dante Keleek Darby claims that law enforcement officers, in seeking an arrest warrant, knowingly or recklessly omitted material information from three affidavits of probable cause. Darby sought a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The District Court denied a *Franks* hearing as to two of the affidavits. As to the third, the District Court granted a limited hearing and, based on the testimony presented, concluded that no Fourth Amendment violation occurred. Darby timely appeals those rulings.[1] For the following reasons, we will affirm.

I

Darby was arrested on October 9, 2013 after participating in four monitored drug transactions in which he sold cocaine hydrochloride to a confidential informant ("CI"). Law enforcement officers filed separate affidavits of probable cause describing each transaction. Darby requested a *Franks* hearing as to three: the affidavits dated November 4, 2013 (for a transaction that occurred on September 5, 2012), October 9, 2013 (for a transaction that occurred on March 7, 2013), and October 22, 2013 (for a transaction that occurred on August 16, 2013).[2] According to Darby, material omissions in those affidavits render his arrest unlawful, and the fruits of that arrest must be suppressed.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] A fourth affidavit, also dated October 22, 2013 (for a transaction that occurred on October 9, 2013), is not relevant to this appeal.

Darby alleges that the affidavits dated October 22 and November 4 omitted various details about the transactions, such as their times and locations, the method by which they were arranged, any information about the CI's reliability, and the fact that the evidence of the transaction came from CI hearsay. The District Court denied a *Franks* hearing as to both affidavits on the ground that they were sworn out *after* Darby was arrested on October 9, 2013, and thus could not have been material to the Magistrate Judge's probable cause determination.

As to the affidavit dated October 9, Darby alleged that the affidavit omitted similar details, and also that it was contradicted by an affidavit prepared by the same detective, Detective North, for the arrest of a different suspect, David Ledesma. The October 9 affidavit described Darby *selling* drugs. But the Ledesma affidavit described Darby *buying* drugs on that same date. The District Court granted a limited *Franks* hearing to address the possible contradiction. At the hearing, the testimony of Detective North revealed that the two affidavits could be reconciled: Darby acted as a middleman who bought drugs from Ledesma and then sold those drugs to the CI. The District Court held that the omission of that information from the October 9 affidavit was immaterial, and thus not grounds for suppression. The District Court also rejected Darby's argument that the affidavit omitted certain details about the transaction.

3

III

We agree with the District Court that (A) it was proper to deny a *Franks* hearing as to the October 22 and November 4 affidavits, and (B) no Fourth Amendment violation occurred as to the October 9 affidavit.

A

We begin with the District Court's decision to deny a *Franks* hearing regarding the affidavits dated October 22 and November 4. We have not yet established the standard of review applicable to the denial of a *Franks* hearing, but we need not do so today. *See United States v. Pavulak*, 700 F.3d 651, 665 (3d Cir. 2012) (noting a circuit split).[3] Under any standard of review, the District Court correctly denied Darby's request for a *Franks* hearing as to those two affidavits.

Under *Franks v. Delaware*, 438 U.S. at 155–56, the fruits of a search or arrest warrant are subject to suppression if, after a hearing, a defendant establishes by a preponderance of the evidence that: (1) a supporting affidavit contained a false statement (or omission) made knowingly or with reckless disregard for the truth; and (2) the false

---

[3] The majority of circuits apply a mixed standard, reviewing legal conclusions de novo and factual findings for clear error. *See, e.g., United States v. Christie*, 825 F.3d 1048, 1069 (9th Cir. 2016); *United States v. Hancock*, 844 F.3d 702, 707–08 (7th Cir. 2016); *United States v. Pirosko*, 787 F.3d 358, 369 (6th Cir. 2015); *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011); *United States v. Thomas*, 627 F.3d 146, 159 (5th Cir. 2010). Two circuits review for abuse of discretion. *See, e.g., United States v. Shockley*, 816 F.3d 1058, 1061 (8th Cir. 2016); *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014). One circuit reviews for clear error. *See, e.g., United States v. Graf,* 784 F.3d 1, 6 (1st Cir. 2015). Two circuits, in addition to this circuit, continue to reserve the question. *See, e.g., United States v. Williams*, 827 F.3d 1134, 1146 (D.C. Cir. 2016); *United States v. Rajaratnam,* 719 F.3d 139, 156 n.19 (2d Cir. 2013).

statement was material to the probable cause determination. *See United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006). A district court is required to hold a *Franks* hearing if a defendant makes a "substantial preliminary showing" as to each prong. *Id.* (quoting *Franks*, 438 U.S. at 170).

The District Court correctly held that Darby failed to make that showing as to both affidavits in question. The affidavits were sworn out on October 22, 2013 and November 4, 2013—both *after* Darby's arrest on October 9, 2013. The Magistrate Judge thus did not see or consider those affidavits in determining the existence of probable cause. Accordingly, Darby failed to make a substantial preliminary showing that any statement or omission in the affidavit was "material to the finding of probable cause." *Id.*

Despite the District Court basing its decision on this chronology, Darby does not address that issue on appeal. Instead, Darby lists several alleged omissions that he claims undermine the affidavits' veracity. Because the defect in chronology is dispositive, we need not address those arguments.[4] We thus conclude that the District Court properly denied Darby's request for a *Franks* hearing as to the affidavits dated October 22 and November 4.

---

[4] Nonetheless, the claimed omissions, such as details about the time and place of the transaction, would not have been material. *See Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000) ("All storytelling involves an element of selectivity. We cannot demand that police officers relate the entire history of events leading up to a warrant application with every potentially evocative detail . . . ."). We address Darby's arguments regarding the CI's reliability *infra*.

B

We next turn to the District Court's decision regarding the affidavit dated October 9. The District Court granted a limited *Franks* hearing as to that affidavit and, based on the testimony presented, concluded that Darby failed to demonstrate by a preponderance of the evidence that a Fourth Amendment violation occurred. We review the District Court's findings of fact for clear error, including any findings as to an officer's knowledge or recklessness. *United States v. Brown*, 631 F.3d 638, 645 (3d Cir. 2011). We review the District Court's legal rulings de novo. *See United States v. Shields*, 458 F.3d 269, 276 (3d Cir. 2006); *United States v. Martin*, 426 F.3d 68, 74 (2d Cir. 2005). On appeal, Darby identifies five alleged defects in the October 9 affidavit. We reject each.

First, Darby argues that the affidavit omitted any mention that the transaction was set up by the CI prior to contacting law enforcement. But contrary to Darby's argument, the affidavit does not omit that information. It states: "The CI had previously contacted Dante Darby via telephone and ordered a quantity of cocaine." App. 92. Darby's first argument is therefore meritless.

Second, Darby argues that the affidavit omits any information concerning the reliability of the CI. But Darby has failed to identify any facts withheld by the Government that would tend to undermine the CI's reliability. *See Wilson v. Russo*, 212 F.3d 781, 791–92 (3d Cir. 2000) (noting "three exculpatory facts" that the affiant "should have mentioned," but concluding that those facts were "not strong enough to undermine a finding of probable cause"). Regardless, it is evident from the face of the affidavit that

6

the CI's statements were corroborated by other evidence, including searches of the CI's person before and after the transaction, and audio and video obtained through electronic surveillance.

Third, Darby argues that the affidavit failed to mention that Darby contacted or bought drugs from Ledesma. But that information is *inculpatory* in nature. As the District Court correctly held, including those facts would not have led the Magistrate Judge to conclude that probable cause was lacking. The fact that Darby sold the drugs, however obtained, was sufficient to establish a violation of the Controlled Substances Act.

Fourth, Darby argues that the affidavit misleadingly states that the CI "was under 'constant surveillance' when, in truth, things were out of view for a couple of minutes." Appellant Br. 18. The District Court did not commit clear error when it found that Detective North could not have made that statement with reckless or knowing disregard for the truth. Law enforcement officers did engage in "constant surveillance" using audio and video monitoring. App. 92. The affidavit does not state or imply that Detective North witnessed every aspect of the transaction with his own eyes.

Finally, Darby argues that "[t]here is no explanation that the information contained in the affidavit came from hearsay from an informant." Appellant Br. 18. But even if that fact had been made explicit, a magistrate may rely on hearsay information from a CI where the magistrate has a "substantial basis for crediting" that statement. *United States v. Stearn*, 597 F.3d 540, 556 (3d Cir. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 242

(1983)). As described in the affidavit, the CI's statements were corroborated by electronic surveillance. Thus, the alleged omission was not material.

Accordingly, the District Court did not err when it declined to suppress the fruits of Darby's arrest following the limited *Franks* hearing.

## III

For the foregoing reasons, we will affirm.