# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2212

_____

United States of America

*Plaintiff - Appellee*

v.

Quentin R. Herndon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 19, 2019
Filed: July 16, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, KELLY and KOBES, Circuit Judges.

_____

PER CURIAM.

Quentin R. Herndon pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]  At sentencing, the district

---

[1]We note that the written judgment reflects a clerical error.  Specifically, the judgment describes the conviction as arising under § 924(e)(1).  But the record

court[2] determined that Herndon's 1997 Missouri conviction for resisting arrest qualified as a "crime of violence," and as a result, it calculated a base offense level of 20 under United States Sentencing Guidelines § 2K2.1(a)(4)(A) (2016) and a recommended Guidelines range of 77 to 96 months. Herndon appeals his 78-month sentence, contending that the district court erred in calculating his base offense level.

We review de novo whether a prior conviction qualifies as a crime of violence. See United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016). The Guidelines define a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another," among other things. § 4B1.2(a). We often refer to this aspect of the definition as the force clause. See United States v. Boose, 739 F.3d 1185, 1186 (8th Cir. 2014). To determine whether Herndon's prior conviction is a crime of violence, we look "to the elements of the offense as defined in the statute of conviction rather than to the facts underlying the defendant's prior conviction." Rice, 831 F.3d at 705 (cleaned up).

Herndon was convicted in Missouri state court of resisting arrest in violation of Mo. Rev. Stat. § 575.150.1(1), which provides,

> A person commits the crime of resisting or interfering with arrest if . . . the person . . . [r]esists the arrest . . . by using or threatening the use of violence or physical force or by fleeing from such officer . . . .

_____

reflects that Herndon was indicted under § 924(a)(2), Herndon pleaded guilty to § 924(a)(2), the parties and the district court agreed that § 924(e)(1)'s statutory enhancement did not apply to Herndon, and the district court sentenced Herndon to a term of imprisonment consistent with § 924(a)(2). Therefore, we modify the written judgment to reflect that the conviction arises under § 924(a)(2).

[2]The Honorable Gary A. Fenner, United States District Court Judge for the Western District of Missouri.

In United States v. Shockley, 816 F.3d 1058 (8th Cir. 2016), we explained that this statute "includes conduct that falls under the . . . force clause, such as resisting arrest . . . 'by using or threatening the use of violence or physical force,' [but it] also defines the offense to include fleeing from an officer," which does not fall under the force clause.[3] Id. at 1063.

Herndon does not argue that § 575.150.1(1) is indivisible in light of Mathis v. United States, 136 S. Ct. 2243 (2016), which was decided after Shockley, and he concedes that he was convicted under the use-of-force portion of the statute. His sole argument on appeal is that Shockley's treatment of that portion of the statute is dicta that this panel is not bound to follow because Shockley remanded the case to the district court to determine which portion of the statute the defendant's prior conviction fell under. See id. at 1063–64.

Herndon's argument is not persuasive. The conclusion that the use-of-force portion of the statute satisfies the force clause was necessary to Shockley's holding, as remand would not have been necessary if it were impossible for any conviction under § 575.150.1(1) to satisfy the force clause. Herndon gives us no reason to question the district court's determination that his prior conviction for resisting arrest qualifies as a crime of violence.

Accordingly, the judgment of the district court is affirmed as modified.

———————————————————

[3]Shockley analyzed the Armed Career Criminal Act's force clause, which is interchangeable with the Guidelines' force clause. See United States v. Vincent, 575 F.3d 820, 826 (8th Cir. 2009).