MEMORANDUM **
Giovani Castro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) dismissal of his appeal from an immigration judge’s decision finding him removable, inadmissible, and ineligible for adjustment of status for committing a controlled substance offense in violation of 8 U.S.C. § 1182(a)(2)(A)(i)(II), and for being present without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.
First, we deny the government’s motion to dismiss the petition for lack of jurisdiction because Castro did not appeal the BIA’s determination that he was inadmissible and removable under 8 U.S.C. § 1182(a) (6) (A) (i). Castro’s presence in the United States without admission does not render him ineligible for adjustment of status under 8 U.S.C. § 1255(i), given that Castro has an approved 1130 visa petition filed by his U.S. citizen wife.
However, Castro’s conviction by plea for “trans cocaine” in violation of California Health and Safety Code § 11352(a), a felony, satisfies the requirements of 8 U.S.C. § 1182(a)(2)(A)(i)(II), rendering Castro removable, inadmissible, and ineligible for adjustment of status. See 8 U.S.C. § 1255(a); Mielewczyk v. Holder, 575 F.3d 992 (9th Cir.2009). Unlike gener *412 ic solicitation statutes, California Health and Safety Code § 11352 is “specifically aimed” at controlled substances. See id. at 994-95; Coronado-Durazo v. INS, 123 F.3d 1322, 1325 (9th Cir.1997). Further, although some convictions under this statute may not rise to the level of a “drug trafficking crime” as defined in 8 U.S.C. § 1101(a)(43)(B), see United States v. Rivera-Sanehez, 247 F.3d 905, 906-09 (9th Cir.2001) (en banc), that conclusion does not affect the analysis regarding whether Castro violated a law relating to controlled substances as defined in 8 U.S.C. § 1182(a)(2)(A)(i)(II).
Nor did the BIA err in relying on the “Report-Indeterminate Sentence” to probe the details of Castro’s conviction. This official document, signed by a deputy of the court, is sufficiently reliable evidence that Castro pled guilty to “trans cocaine.” See United States v. Snellenberger, 548 F.3d 699, 701-02 (9th Cir.2008) (en banc) (per curiam). Therefore, the government satisfied its burden of demonstrating that the actual substance involved, cocaine, is covered under 21 U.S.C. § 802. See Mielewczyk, 575 F.3d at 994-96; Ruiz-Vidal v. Gonzales, 473 F.3d 1072, 1076 (9th Cir.2007); 21 C.F.R. 1308.12(b)(4) (listing cocaine). Thus, applying a modified categorical approach, see Snellenberger, 548 F.3d at 701, the BIA correctly determined that Castro was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II).
Castro fails to demonstrate that the conduct underlying his conviction would have been punishable as simple possession, see 21 U.S.C. § 844, such that he might have been eligible for relief under a constitutionally required extension of Federal First Offender Act (“FFOA”). See 18 U.S.C. § 3607; Lujan-Armendariz v. INS, 222 F.3d 728, 734-41, 749-50 (9th Cir.2000). Thus, even though it was expunged under California Penal Code section 1203.4, Castro’s conviction for “trans cocaine” retains immigration consequences. See Ramirez-Castro v. INS, 287 F.3d 1172, 1174 (9th Cir.2002); cf. Cardenas-Uriarte v. INS, 227 F.3d 1132, 1137 (9th Cir.2000) (“Where possession of drug paraphernalia is a less serious offense than simple possession of a controlled substance, therefore, congressional intent indicates that it should be included under the [FFOA].”).
Finally, the cases Castro cited in his BIA motion to remand do not alter the conclusion that a conviction for solicitation under a statute specifically aimed at controlled substances may constitute a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Mielewczyk, 575 F.3d at 996-98. Accordingly, the BIA did not abuse its discretion in denying this motion. Romero-Ruiz v. Mukasey, 538 F.3d 1057, 1062 (9th Cir.2008).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.