# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3263

———————

United States of America,

               Appellee,

       v.

Jesus Benitez-De Los Santos, also
known as Ruben Salina-Castro,

               Appellant.

Appeal from the United States
District Court for the
District of Nebraska.

———————

Submitted: May 13, 2011
Filed: August 18, 2011

———————

Before MURPHY and COLLOTON, Circuit Judges, and ERICKSON,[1] District Judge.

———————

COLLOTON, Circuit Judge.

Jesus Benitez-De Los Santos pleaded guilty to illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[2] applied a twelve-level specific offense characteristic to Benitez-De Los

---

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Santos's advisory sentencing guideline range pursuant to USSG § 2L1.2(b)(1)(B), calculated his guideline range as 30 to 37 months' imprisonment, and sentenced him to 30 months' imprisonment. Benitez-De Los Santos appeals his sentence, and we affirm.

The presentence investigation report prepared after the guilty plea recommended that a prior conviction under California Health & Safety Code § 11351 warranted a twelve-level increase to Benitez-De Los Santos's base offense level under USSG § 2L1.2(b)(1)(B). This section applies to a defendant who has been previously deported after sustaining "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." Benitez-De Los Santos objected to the enhancement. The district court determined that the specific offense characteristic applied, and thus calculated the guideline range as 30 to 37 months' imprisonment. Benitez-De Los Santos appeals the court's application of the guidelines and the substantive reasonableness of the ultimate sentence.

We review the district court's interpretation and application of the guidelines *de novo*. *United States v. Vinton*, 631 F.3d 476, 484 (8th Cir. 2011). Under § 2L1.2, a "'[d]rug trafficking offense' means an offense under federal, state, or local law that prohibits the . . . possession of a controlled substance (or a counterfeit substance) with intent to . . . distribute." USSG § 2L1.2, comment. (n.1(B)(iv)). To determine whether an offense of conviction meets this definition, we apply a categorical approach. *See United States v. Sanchez-Garcia*, 642 F.3d 658, 661 (8th Cir. 2011). In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court explained that the categorical approach generally prohibits the sentencing court "from delving into particular facts disclosed by the record of conviction, thus leaving the court normally to look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 17 (internal quotation omitted).

If the statute of conviction encompasses both conduct that qualifies for a sentencing enhancement, and other conduct that does not, then the statute is considered "overinclusive," and the court must apply a "modified categorical approach" to determine which portion of the statute was the basis for a conviction. *Vinton*, 631 F.3d at 484. In determining whether a plea necessarily rested on facts that qualify the conviction for an enhancement, the court may refer to the "terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, *or to some comparable judicial record* of this information." *Shepard*, 544 U.S. at 26 (emphasis added).

Benitez-De Los Santos asserts that because § 11351 prohibits the possession for sale of some substances that are not "controlled substances" under the Controlled Substances Act, it is overinclusive. Assuming that § 11351 is in fact overinclusive, even though § 2L1.2 does not refer to the CSA, *see* USSG § 2L1.2, comment. (n.1(B)(iv)); *cf. Sanchez-Garcia*, 642 F.3d at 661-62, the record of conviction established that this particular conviction does qualify as a "drug trafficking offense" under § 2L1.2.

The government presented two documents at sentencing. The first is a state-court complaint charging two counts. Count Two states that Benitez-De Los Santos unlawfully possessed heroin for sale in violation of § 11351. The second document, a "Report-Indeterminate Sentence," bears the same case number and parties as the complaint, was filed by the state court within one month of the complaint, and reflects that Benitez-De Los Santos was convicted by plea of Count Two. Benitez-De Los Santos does not challenge the district court's consideration of the complaint or dispute that heroin is a "controlled substance" under the CSA. *See* 21 U.S.C. § 812(c), sched. I(b)(10); 21 C.F.R. § 1308.11(c)(11). He argues, however, that the "Report-Indeterminate Sentence" is insufficient to meet the government's burden of proof.

Benitez-De Los Santos first argues that the sentence report is a clerical record that is not a "comparable judicial record" under *Shepard*, and thus cannot establish that he was convicted of Count Two. In *United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008) (en banc), the Ninth Circuit held that a California court clerk's minute order is sufficient under *Shepard* to establish that a defendant pled guilty to a specific count from a charging document. The court concluded that "by analogy to transcripts, it's enough that the minute order was prepared by a neutral officer of the court, and that the defendant had the right to examine and challenge its content, whether or not he actually did." *Id.* at 702. Relying on *Snellenberger*, the Ninth Circuit later held that a California Report-Indeterminate Sentence is sufficiently reliable evidence that an alien pleaded guilty to a drug offense involving cocaine. *See Castro v. Holder*, 340 F. App'x 410, 412 (9th Cir. 2009); *cf. People v. Keltie*, 196 Cal. Rptr. 243, 250 n.4 (Cal. Ct. App. 1983) (taking judicial notice of a California "Report-Indeterminate Sentence, other sentence choice").

We agree with the Ninth Circuit and conclude that the Report-Indeterminate Sentence is the type of reliable and accurate judicial record on which a court may rely. It is an official court document prepared and signed by a deputy clerk of the court. *See Castro*, 340 F. App'x at 412. The state court was required to complete the report pursuant to California law. The document was filed by the state court, and Benitez-De Los Santos could have examined it and urged the state court to correct any inaccuracies. *See People v. Mitchell*, 26 P.3d 1040, 1042 (Cal. 2001) ("[A] court has the inherent power to correct clerical errors in its records . . . on its own motion or upon the application of the parties.") (internal quotation omitted).

Benitez-De Los Santos further contends that even if we rely on the "Report-Indeterminate Sentence," it is insufficient to establish that his conviction was for trafficking heroin. He argues that because California allows a defendant to enter a plea of *nolo contendere*, s*ee People v. West*, 477 P.2d 409 (Cal. 1970), and the sentence report does not indicate the type of plea entered, the government cannot

establish factual guilt. The enhancement, however, depends on a *conviction* for a felony drug trafficking offense, not an explicit admission of guilt. *See* USSG § 2L1.2(b)(1)(B). Because the Supreme Court in *Shepard* noted that "'the details of a generically limited charging document *would do in any sort of case*[,]'. . . [a] precisely drawn charging document can indicate the basis for conviction whether or not the conviction was accompanied by an admission of guilt." *Vinton*, 631 F.3d at 486 (quoting *Shepard*, 544 U.S. at 21). Here, a precisely drawn charging document establishes that the basis for Benitez-De Los Santos's prior conviction is possession of heroin for sale, undisputedly a drug trafficking offense under § 2L1.2(b)(1)(B). The district court thus did not err in applying the enhancement.

Benitez-De Los Santos also contends that his sentence is substantively unreasonable because it is "longer than necessary to serve the goals of 18 U.S.C. § 3553(a)." In reviewing the substantive reasonableness of the district court's sentence, we apply a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We accord the sentence a presumption of reasonableness when, as here, the district court imposes a sentence within the advisory guideline range. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009). The district court stated that it had considered all of the § 3553(a) factors, that it found general and specific deterrence the most important factors, and that "a sentence at the lowest end of the guideline range is sufficient but not greater than necessary to serve the [deterrence] purpose and the other purposes of [§ 3553(a)]." This explanation satisfies us that the court did not abuse its considerable discretion.

\* \* \*

The judgment of the district court is affirmed.

_____