# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2379

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United |
| v. | * | States District Court for the |
| | * | District of Nebraska. |
| Jose Salido-Rosas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 2011
Filed: December 8, 2011

_____

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

_____

RILEY, Chief Judge.

Jose Salido-Rosas, an alien, pled guilty to violating 8 U.S.C. § 1326(a) and (b)(1) by knowingly and unlawfully reentering the United States after being deported. Over Salido-Rosas's objection, the district court[1] enhanced Salido-Rosas's sentence under United States Sentencing Guideline (U.S.S.G.) § 2L1.2(b)(1)(E) because the court determined Salido-Rosas had been convicted of three or more misdemeanor "crimes of violence." The district court then sentenced Salido-Rosas to 24 months

_____

[1]The Honorable Laurie Smith Camp, who became Chief Judge of the United States District Court for the District of Nebraska on December 1, 2011.

imprisonment. Salido-Rosas appeals, arguing the district court improperly enhanced his sentence. We affirm.

## I. BACKGROUND

A grand jury indicted Salido-Rosas for violating 8 U.S.C. § 1326(a) and (b)(1) by knowingly and unlawfully reentering the United States following his convictions for "three or more misdemeanors involving drugs, crimes against the person or both." Without a plea agreement, Salido-Rosas pled guilty, but reserved his right to argue the enhancement under U.S.S.G. § 2L1.2(b)(1)(E) did not apply.

The revised modified presentence investigation report (PSR) assigned Salido-Rosas a base offense level of 8. The PSR applied the § 2L1.2(b)(1)(E) enhancement because it counted Salido-Rosas's four assault and battery convictions under Omaha Municipal Code (OMC) § 20-61 as misdemeanor "crimes of violence." After a two-level reduction for acceptance of responsibility, Salido-Rosas's total offense level was 10, and his criminal history category was V, resulting in an advisory Guideline range of 21-27 months imprisonment.

The district court accepted the PSR and adopted the facts in the PSR as its factual findings. Over Salido-Rosas's objection, the district court determined Salido-Rosas's convictions under OMC § 20-61 were for crimes of violence under either a categorical or modified categorical approach. With regard to the modified categorical approach, the district court stated, "in looking at the facts of the defendant's offenses, whether we look at the police reports or whether we look at the charging documents, it's clear that he actually committed crimes of violence. He hit people." The district court then sentenced Salido-Rosas to 24 months imprisonment and three years supervised release.

Salido-Rosas appeals, asserting the district court procedurally erred by concluding his convictions under OMC § 20-61 were for crimes of violence.

## II.	DISCUSSION

"We review *de novo* a district court's decision that a prior conviction is a qualifying offense for a sentencing enhancement pursuant to U.S.S.G. § 2L1.2." United States v. Garcia-Medina, 497 F.3d 875, 876 (8th Cir. 2007).

U.S.S.G. § 2L1.2 sets forth the means of calculating the offense level for defendants convicted under 28 U.S.C. § 1326.  Section 2L1.2(b)(1)(E) provides for a four-level enhancement for defendants who have been convicted of three or more prior "misdemeanors that are crimes of violence or drug trafficking offenses." Application Note 1(B)(iii) of § 2L1.2 defines "crime of violence" to include certain enumerated offenses and "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

In determining whether a prior conviction is for a crime of violence, courts generally apply a categorical approach, looking at "the fact of conviction and the statutory definition of the prior offense and determin[ing] whether the full range of conduct encompassed by the . . . statute qualifies to enhance the sentence."  United States v. Sonnenberg, 556 F.3d 667, 669-70 (8th Cir. 2009) (citing Taylor v. United States, 495 U.S. 575, 600 (1990)); see also Shepard v. United States, 544 U.S. 13, 17 (2005).

"If the statute of conviction encompasses both conduct that qualifies for a sentencing enhancement, and other conduct that does not, then the statute is considered 'overinclusive,' and the court must apply a 'modified categorical approach' to determine which portion of the statute was the basis for a conviction." United States v. Benitez-De Los Santos, 650 F.3d 1157, 1159 (8th Cir. 2011).  In doing so, the court is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the

-3-

factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 544 U.S. at 27.

OMC § 20-61 provides,

It shall be unlawful purposely or knowingly to:
(a)    Strike or attempt to strike another person with the intent to cause bodily injury;
(b)    Cause or attempt to cause bodily injury to another person;
(c)    Place another person in fear of imminent bodily harm; or
(d)    Touch the sexual or intimate parts of the body of another person without his consent for the purpose of arousing or gratifying the sexual desire of either party.

Salido-Rosas argues OMC § 20-61 is overinclusive.    Assuming it is overinclusive, the charging documents show Salido-Rosas was convicted of at least three misdemeanor crimes of violence.[2]  A conviction under section 20-61 (a), (b), or (c) is a crime of violence.  Knowingly or purposely causing or attempting to cause bodily injury or making another person fear imminent bodily harm necessarily requires using, attempting to use, or threatening to use physical force.  See Johnson v. United States, ___ U.S. ___, ___, 130 S. Ct. 1265, 1271 (defining "physical force," as used in 18 U.S.C. § 924(e), as "force capable of causing physical pain or injury to another person"); U.S.S.G. § 2L1.2, Application Note 1(B)(iii) (defining "crime of violence" to include "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the

_____

[2]To the extent the district court ran afoul of Shepard by considering the information in the police reports, it was harmless error.  Salido-Rosas contends the government waived the harmless error argument by not raising it in the government's brief.  We exercise our discretion to overlook this waiver because the record is brief and clear, the district court alternatively references the police reports while also referencing the charging documents, any error clearly is harmless, and reversal would "result in protracted, costly, and futile proceedings in [the] district court."  Lufkins v. Leapley, 965 F.2d 1477, 1481 (8th Cir. 1992).

person of another"). Salido-Rosas contends "bodily harm" does not necessarily involve physical force because it may include merely offensive touching. See Johnson, ___ U.S. at ___, 130 S. Ct. at 1268-71, 1274 (quoting State v. Hearns, 961 So.2d 211, 218 (Fla. 2007) (holding "any intentional physical contact, 'no matter how slight'" does not necessarily involve physical force); see also James v. United States, 550 U.S. 192, 208 (2007) (explaining "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, [involves the use, attempted use, or threatened use of physical force against the person of another]. One can always hypothesize unusual cases in which even a prototypically violent crime might not present a genuine risk of injury . . . ."). We reject Salido-Rosas's argument because the references to "bodily injury" and "bodily harm" in OMC § 20-61(a)-(c) place these subsections squarely within Johnson's definition of offenses involving physical force.

The charging documents make clear Salido-Rosas was convicted under OMC § 20-61(a), (b), or (c). Salido-Rosas indicates it is unclear whether he was convicted under subsection (a), (b), or (c), but identifying the exact subsections of conviction does not affect our analysis: conviction under any of those subsections would be a conviction for a crime of violence. The district court properly applied the enhancement under U.S.S.G. § 2L1.2(b)(1)(E).

## III.   CONCLUSION
We affirm.

_____