KELLY, Circuit Judge,
dissenting.
Rice’s base offense level was calculated pursuant to USSG § 2K2.1(a)(3)(B), based on the assumption that he had previously committed a crime of violence. An offense is a “crime of violence” if it “has as an element the use, attempted use, or threatened use of physical force against the per *707 son of another.” USSG § 4B1.2(a)(l). Relying on the definition of “physical-force” in the context of the Armed Career Criminal Act, Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), we have said that “[p]hysical force” as used in § 4B1.2(a)(l) refers to “violent force.” United States v. Williams, 690 F.3d 1056, 1067-68 (8th Cir.2012).
By contrast, the Supreme Court’s decision in Castleman involved the definition of “a misdemeanor crime of domestic violence” in 18 U.S.C. § 922(g)(9). United States v. Castleman, — U.S. —, 134 S.Ct. 1405, 1408, 188 L.Ed.2d 426 (2014). Like “crime of violence” in § 4B 1.2(a)(1), the term “misdemeanor crime of domestic violence” is defined to include offenses that have, “as an element, the use or attempted use of physical force.” 18 U.S.C. § 921(a)(33)(A)(ii). But Castleman held that in the context of misdemeanor domestic violence, “physical force” must be defined more broadly, to encompass not just “violent force” but also the common-law meaning of “force” — a meaning that included “even the slightest offensive touching.” Castleman, 134 S.Ct. at 1410-13 (quoting Johnson, 559 U.S. at 139, 130 S.Ct. 1265). The Court explained that the word “ Violence’ standing alone ‘connotes a substantial degree of force,’ ” but domestic violence is not just a type of “violence” but rather “a term of art encompassing acts that one might not characterize as ‘violent’ in a nondomestic context.” Id. at 1411 (quoting Johnson, 559 U.S. at 140, 130 S.Ct. 1265). Castleman’s conclusion that causing bodily injury required the application of physical force was based on this broader definition of “physical force,” as the Court repeatedly emphasized. See, e.g., id. at 1415 (“It is impossible to cause bodily injury without applying force in the common-law sense.” (emphasis added)); id. at 1414 (“[T]he common-law concept of force’ encompasses even its indirect application.” (emphasis added)).
This case, on the other hand, involves the definition of “crime of violence” in USSG § 4B1.2(a)(l). The question at the heart of the case, then, is whether intentionally or knowingly causing physical or bodily injury to another, as Arkansas Code Annotated § 5-13-202(a)(4) requires, necessarily involves the use, threatened use, or attempted use of violent force by the defendant. This question could not have been implicitly resolved by Castleman, for the majority opinion there explicitly reserved it. Castleman, 134 S.Ct. 1405, 1414 (2014) (“Justice SCALIA’s concurrence suggests that [bodily injury] necessitate^] violent force, under Johnson’s definition of that phrase. But whether or not that is so — a question we do not decide — these forms of injury do necessitate force in the common-law sense.” (emphasis added) (citation omitted)).[3]
A number of courts and judges, including a clear plurality of the courts of appeals, have concluded that a person may cause physical or bodily injury without using violent force. Whyte v. Lynch, 807 F.3d 463, 469-72 (1st Cir.2015); United States v. Torres-Miguel, 701 F.3d 165, 168-69 (4th Cir.2012); United States v. Villegas-Hernandez, 468 F.3d 874, 880-82 (5th Cir.2006); United States v. Perez-Vargas, 414 F.3d 1282, 1286-87 (10th Cir.2005); Chrzanoski v. Ashcroft, 327 F.3d 188, 196 (2d Cir.2003); United States v. Fischer, 641 F.3d 1006, 1010-11 (8th Cir.2011) (Colloton, J., concurring); United States v. Anderson, 695 F.3d 390, 404-05 (6th Cir.2012) (White, J., concurring). In *708 my view, they are correct. A person could, for example, direct a firefighter acting in the line of duty to drive towards a bridge at night, knowing that it was out. Or he might cancel an incompetent individual’s insulin prescription, knowing her to be severely diabetic. Or he could, on finding out that a 60-year-old was going skydiving, suggest that she use a parachute that he knew was defective. Each of these examples would qualify as a violation of § 5-13-202(a)(4), but none could reasonably be described as involving the use, attempted use, or threatened use of violent force, because none involves a “substantial degree of force.” Castleman, 134 S.Ct. at 1411 (quoting Johnson, 559 U.S. at 140, 130 S.Ct. 1265). “[T]he ordinary meaning of [a ‘crime of violence’] ... suggests a category of violent, active crimes” quite unlike the examples just given. Id. at 1410 n. 3 (second alteration and ellipsis in original) (quoting Johnson, 559 U.S. at 140,130 S.Ct. 1265).[4]
Because I believe it is possible to violate § 5-13-202(a)(4) without using violent force, I conclude that Rice’s conviction under that statute does not qualify as a crime of violence as that term is defined in § 4B1.2(a)(l). For that reason, I respectfully dissent.

. See also id. at 1413 ("Whether or not the causation of bodily injury necessarily entails violent force — a question we do not reach— mere offensive touching does not.” (emphasis added)).

. United States v. Salido-Rosas, 662 F.3d 1254, 1256-57 (8th Cir.2011), does not compel a contrary conclusion. Although analyzing the definition of the "use of force” clause found in application note l(B)(iii) of section 2L1.2 of the United States Sentencing Guidelines, Salido-Rosas based its conclusions at least in part on the analysis of the residual clause of the Armed Career Criminal Act in James v. United States, 550 U.S. 192, 208, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007) — an analysis that has since been rejected in Johnson v. United States, -U.S. -, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015). See Salido-Rosas, 662 F.3d at 1257.