# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2571

_____

United States of America

*Plaintiff - Appellee*

v.

Robin Dwane Schaffer, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 18, 2016
Filed: April 12, 2016

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

Robin Schaffer pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] enhanced his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on his three prior

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

violent felony convictions and sentenced him to 180 months. Schaffer appeals, arguing that his prior conviction for felony domestic assault is not a violent felony under the ACCA. We affirm.

Schaffer pled guilty to possessing a firearm as a convicted felon. The government argued at his sentencing hearing that he had three prior violent felony convictions and therefore qualified as an armed career criminal. Schaffer conceded that his convictions for third degree assault under Minn. Stat. § 609.223 and for felony domestic assault under Minn. Stat. § 609.2242, subd. 1(2) qualified as violent felonies under the ACCA. He argued however that his conviction for felony domestic assault under Minn. Stat. § 609.2242, subd. 1(1) did not qualify as a violent felony. The district court disagreed and concluded that this conviction was a violent felony under the ACCA's force clause based on United States v. Salido-Rosas, 662 F.3d 1254 (8th Cir. 2011).

The ACCA imposes a mandatory minimum fifteen year sentence if a defendant has been convicted as a felon in possession of a firearm "and has three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). In determining whether a conviction is a violent felony, courts should "start with the formal categorical approach and look only to the fact of conviction and the statutory definition of the prior offense." Soileau, 686 F.3d at 864 (internal quotation marks omitted). When a statute criminalizes both conduct that does and does not qualify as a violent felony, courts apply the modified categorical approach. See United States v. Bankhead, 746 F.3d 323, 326 (8th Cir. 2014).

The modified categorical approach allows courts to review the charging document, plea agreement, and comparable judicial records to identify which section of a statute supplied the basis for a defendant's conviction. See Soileau, 686 F.3d at 864 (internal quotation marks omitted). Courts then consider whether the text of that section fits within the definition of a violent felony. See id. Here, there is no dispute

that the district court properly applied the modified categorical approach to conclude that Schaffer was convicted under Minn. Stat. § 609.2242, subd. 1(1).

We review de novo the district court's determination of whether Schaffer's conviction qualifies as a violent felony under the ACCA. United States v. Soileau, 686 F.3d 861, 864 (8th Cir. 2012). A conviction can qualify as a "violent felony" if it is punishable by more than one year imprisonment and meets one of three other requirements. Id. § 924(e)(2)(B). The relevant portion of the definition here is the force clause. Any crime which "has as an element the use, attempted use, or threatened use of physical force against the person of another" qualifies as a violent felony under the force clause. Id. § 924(e)(2)(B)(i). Physical force "means violent force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

In United States v. Salido-Rosas, we concluded that a conviction for knowingly placing "another person in fear of imminent bodily harm" qualified as a crime of violence under the force clause of U.S.S.G. § 2L1.2(b)(1)(E).[2] 662 F.3d at 1256 (quoting Omaha Municipal Code § 20-61(c)). Here, Schaffer was convicted of committing an "act with intent to cause fear in another of immediate bodily harm or death." Minn. Stat. § 609.2242, subd. 1(1). The elements of the two offenses are similar enough that Salido-Rosas is not meaningfully distinguishable. The district court therefore properly determined that appellant's conviction qualified as a violent felony under the force clause.

---

[2]Due to "their nearly identical definitions, we construe 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii) (the Armed Career Criminal Act) and 'crime of violence' under the Guidelines as interchangeable, including the corresponding force clauses and residual clauses." United States v. Boose, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014).

Schaffer argues that Salido-Rosas is distinguishable because the ordinance there required proof that a defendant actually placed "another person in fear of imminent bodily harm," while the statute here only requires proof of "intent to cause fear in another of immediate bodily harm or death." Compare Salido-Rosas, 662 F.3d at 1256, with Minn. Stat. § 609.2242, subd. 1(1). That distinction lies in the knowledge and mental state of the victim, which is not the proper focus for the force clause. Schaffer's conviction qualifies as a violent felony because it has as an element the "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). A threat is a "communicated intent to inflict harm or loss on another," *Threat*, Blacks Law Dictionary 1708 (10th ed. 2014), and the victim's mental state does not determine whether a threat has been made.

Schaffer further argues that a conviction under Minn. Stat. § 609.2242, subd. 1(1) could be based on acts that do not involve violent physical force. For example, Schaffer suggests a defendant could be convicted under this statute "by exposing someone to a deadly virus." This suggestion amounts to an argument for overruling Salido-Rosas, which could only be done by the court en banc. See Maxfield v. Cintas Corp., No. 2, 487 F.3d 1132, 1135 (8th Cir. 2007). Our decision in United States v. Rice rejected a similar argument by reasoning "that even though the act of poisoning a drink does not involve physical force, 'the act of employing poison knowingly as a device to cause physical harm does.'" See — F.3d — , No. 14-3615, 2016 WL 537589, at *2 (8th Cir. Feb. 11, 2016) (quoting United States v. Castleman, 134 S. Ct. 1405, 1415 (2014)).

On this record, we conclude that Schaffer's felony domestic assault conviction qualified as a violent felony and that the district court correctly determined that he was an armed career criminal under the ACCA. Accordingly, we affirm the judgment of the district court.

_____