# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1771

_____

United States of America

*Plaintiff - Appellee*

v.

Jamie David Harvey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 29, 2016
Filed: April 28, 2016
[Unpublished]

_____

Before SMITH, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jamie David Harvey appeals the fifteen-year sentence he received after pleading guilty to being a felon in possession of a firearm. The district court[1]

_____

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

determined that Harvey had three prior convictions for "violent felonies," as that term is defined in 18 U.S.C. § 924(e)(2)(B), and was therefore subject to the fifteen-year mandatory minimum sentence provided for by 18 U.S.C. § 924(e)(1).

Harvey concedes that one of these three convictions was for a violent felony, but argues that the other two – both for violating subdivision 1 of Minnesota's second-degree assault statute – were not. That subdivision criminalizes "assault[ing] another with a dangerous weapon." Minn. Stat. § 609.222, subd. 1. "Assault," in turn, is defined as either "an act done with intent to cause fear in another of immediate bodily harm or death" or "the intentional infliction of or attempt to inflict bodily harm upon another." Minn. Stat. § 609.02, subd. 10.

The district court found that subdivision 1 of Minnesota's second-degree assault statute is a violent felony because, under either definition of "assault," it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Harvey argues that the offense does not qualify as a violent felony pursuant to § 924(e)(2)(B)(i) under either definition of assault.

Harvey's argument with respect to the first definition of assault is that it is possible to cause someone to fear immediate bodily harm or death without threatening the use of physical force against them. This argument is foreclosed by our decision in United States v. Schaffer, No. 15-2571, 2016 WL 1425834 (8th Cir. Apr. 12, 2016). There, we held that a conviction for committing an "act with intent to cause fear in another of immediate bodily harm or death" in violation of Minnesota Statutes § 609.2242, subd. 1(1) qualified as a violent felony as defined in 18 U.S.C. § 924(e)(2)(B)(i), because the offense "ha[d] as an element the threatened use of physical force against the person of another." Id. at *2 (internal quotation marks omitted). We see no basis to treat the virtually identical language in Minnesota Statutes § 609.02, subd. 10(1) differently.

Harvey's argument with respect to the second definition of assault is foreclosed by United States v. Rice, 813 F.3d 704 (8th Cir. 2016). Harvey argues that "the intentional infliction of, or attempt to inflict bodily harm" could be accomplished without the use or attempted use of physical force through the administration of poison or the use of infected bodily fluids. But as Schaffer explained, "[o]ur decision in United States v. Rice rejected a similar argument by reasoning that even though the act of poisoning a drink does not involve physical force, the act of employing poison knowingly as a device to cause physical harm does." Schaffer, 2016 WL 1425834, at *2 (quoting Rice, 813 F.3d at 706) (internal quotation marks omitted).

We affirm the judgment of the district court.

_____