# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3992
_____

United States of America,

*Plaintiff - Appellee,*

v.

Jose Luis Romero-Orbe, also known as Jose Ramon Armenta-Valdez,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 19, 2016
Filed: April 17, 2017

_____

Before LOKEN, SMITH,[1] and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jose Romero-Orbe pleaded guilty to illegal reentry to the United States after a previous removal and conviction for commission of an aggravated felony. *See* 8

_____

[1] The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

U.S.C. §§ 1326(a) and (b)(2). The district court[2] sentenced him to 36 months' imprisonment.

Romero-Orbe appeals, arguing that the district court committed procedural error in calculating the advisory guideline range. Under the guidelines in effect at the time of sentencing, the defendant's offense level was enhanced by 16 levels if he previously was deported after a conviction for a felony that was a "crime of violence." USSG § 2L1.2(b)(1)(A) (2015). "Crime of violence" under the guideline includes any offense under state law that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*, comment. (n.1(B)(iii)).

Romero-Orbe contends that the district court mistakenly concluded that his prior conviction for domestic assault under Minn. Stat. § 609.2242, subdivision 4 was a crime of violence that triggered the increase. Subdivision 4 provides that a violation of subdivision 1 of the statute constitutes a felony, as opposed to a misdemeanor, if it is committed within ten years of the first of any two or more prior domestic violence-related convictions. Subdivision 1, in turn, explains that a domestic assault occurs when a person, against a family or household member, "(1) commits an act with intent to cause fear in another of immediate bodily harm or death; or (2) intentionally inflicts or attempts to inflict bodily harm upon another." § 609.2242, subd. 1 (2013).

The district court ruled that Romero-Orbe's conviction under § 609.2242, subdivision 4 qualified as a "crime of violence," because the offense satisfied the "force" clause of the definition in the guideline. Romero-Orbe disputes this conclusion. He maintains that under subdivision 1(1), a person can be convicted

_____

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

based on an intent to cause fear, without "the use, attempted use, or threatened use of physical force." Therefore, he argues, the Minnesota statute is not categorically a crime of violence, and the district court erred by increasing his offense level.

This case is controlled by the reasoning of *United States v. Schaffer*, 818 F.3d 796 (8th Cir. 2016). In *Schaffer*, this court determined that Minn. Stat. § 609.2242, subdivision 1(1) qualifies as a "violent felony" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The court reasoned that an act undertaken with intent to cause fear in another of immediate bodily harm or death necessarily involves a threatened use of physical force against the person of another. 818 F.3d at 798. Although *Schaffer* applied § 924(e) rather than the sentencing guideline at issue here, the applicable definitions are identical, and we see no basis for a distinction. Accordingly, the district court correctly concluded that Romero-Orbe's conviction under Minn. Stat. § 609.2242, subdivision 4 was for a crime of violence under USSG § 2L1.2. There was no procedural error.

The judgment of the district court is affirmed.

_____