# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2214

_____

Derrick D. Jones

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 16, 2019
Filed: April 29, 2019

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Derrick Jones appeals the district court's[1] denial of his successive motion to vacate his sentence under 28 U.S.C. § 2255. We affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

In 2001, Jones was convicted of being a felon in possession of ammunition and sentenced as an armed career criminal to 293 months' imprisonment and 5 years' supervised release. *See* 18 U.S.C. §§ 922(g)(1), 924(e)(1). In determining that Jones qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), the court relied on his prior convictions for first-degree robbery and second-degree assault.[2] We affirmed on direct appeal. *United States v. Jones*, 47 Fed. App'x 790 (8th Cir. 2002).

In 2015, the Supreme Court ruled that the ACCA's residual clause was unconstitutionally vague. *Samuel Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Subsequently, the Court held that *Samuel Johnson* announced a "new rule" that is retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). As a result, in October 2016, we granted Jones authorization to file a successive § 2255 petition. He claimed that his robbery and assault convictions are not violent felonies without the residual clause, that he no longer qualifies as an armed career criminal, and that his 293-month sentence exceeds the statutory maximum of 120 months.

As the Supreme Court explained in *Welch*, however, it is not sufficient for a § 2255 movant to show that his original sentence relied on the unconstitutional residual clause. He must also show that his prior convictions do not qualify as violent

---

[2] The ACCA applies to defendants convicted of being a felon in possession of a firearm or ammunition who have three or more prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). When Jones was sentenced in 2001, a violent felony included "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause or force clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 924(e)(2)(B).

felonies under the ACCA's force clause or enumerated-offenses clause, which remain constitutional. *See id.* The district court concluded that Jones's prior Missouri convictions are violent felonies under the force clause and denied relief. We granted a certificate of appealability and review *de novo* whether his prior convictions qualify as violent felonies. *See United States v. Shockley*, 816 F.3d 1058, 1062 (8th Cir. 2016).

Jones concedes that binding circuit precedent dictates that his prior Missouri second-degree assault convictions are violent felonies under the force clause. *See United States v. Alexander*, 809 F.3d 1029, 1032-33 (8th Cir. 2016). We therefore need only consider whether Jones's two convictions under the first-degree robbery statute in effect at the time, Mo. Rev. Stat. § 560.120 (1969), had "as an element the use, attempted use, or threatened use of physical force against the person of another." In making this determination, we apply the categorical approach, looking "only to the fact of conviction and the statutory definition of the prior offense." *Shockley*, 816 F.3d at 1063.

Section 560.120 prohibited "feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person." Thus, robbery could be proved "in either of two ways,—namely, by *violence* to the person *or by putting* him or her *in fear* of some immediate injury. The State need not prove both." *State v. Hawkins*, 418 S.W.2d 921, 924 (Mo. 1967).

Jones's first argument focuses on the degree of force necessary for a conviction under section 560.120. In *Curtis Johnson v. United States*, the Supreme Court explained that, "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. 133, 140 (2010). Jones argues that section 560.120 did not require this degree of force. In particular, he points out that the

Missouri Supreme Court held that section 560.120 required only the degree of force sufficient to overcome a victim's resistance or to detach an article fastened to a victim's clothing. *See State v. Adams*, 406 S.W.2d 608, 611 (Mo. 1966); *see also State v. Broderick*, 59 Mo. 318, 320-21 (1875). Jones argues that section 560.120 thus does not meet the threshold for violent physical force set forth in *Curtis Johnson*.

But the U.S. Supreme Court's recent decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), forecloses Jones's argument. The Florida statute at issue in *Stokeling* defines robbery as "the taking of money or other property. . . from the person or custody of another, . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear." *Id.* at 549 (alteration in original) (quoting Fla. Stat. § 812.13(1)). Like the Missouri Supreme Court, *see Adams*, 406 S.W.2d at 611, the Florida Supreme Court "made clear that this statute requires 'resistance by the victim that is overcome by the physical force of the offender,'" *Stokeling*, 139 S. Ct. at 554-55 (quoting *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997)). In turn, the U.S. Supreme Court held that, consistent with *Curtis Johnson*, the force clause "encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Id*. at 550. *Stokeling* thus dictates that section 560.120 qualifies as a violent felony.

At oral argument, Jones attempted to distinguish *Stokeling* by pointing to the Supreme Court's observation that "a defendant who steals a gold chain does not use force, within the meaning of the [Florida] robbery statute, simply because the victim fe[els] his fingers on the back of her neck." *Id.* at 555 (internal quotation marks omitted and second alteration in original). But we see no reason to believe that the Missouri Supreme Court would have interpreted section 560.120 to criminalize such conduct. As the court explained in *Adams*, a defendant had to overcome the victim's resistance or exercise force in detaching the article taken, not merely snatch an article from the victim's hand. 406 S.W.2d at 611. For this reason, mere contact of fingers

to the neck would have been insufficient to sustain a robbery conviction under section 560.120 because this conduct alone does not overcome the victim's resistance.

Jones also argues that section 560.120's "putting him in fear of some immediate injury to his person" language precludes application of the ACCA. The Florida robbery statute at issue in *Stokeling* includes similar "putting in fear" language. While the Supreme Court did not specifically address this language, we previously have held that statutes that involve "knowingly placing another person in fear of imminent bodily harm" or intentionally "caus[ing] fear in another of immediate bodily harm or death" satisfy the force clause. *See United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (internal quotation marks omitted) (quoting *United States v. Salido-Rosas*, 662 F.3d 1254, 1256 (8th Cir. 2011)). Jones nevertheless argues that section 560.120 differed from these similar statutes because the Missouri Supreme Court required a subjective inquiry that turned on whether or not victims "were actually put in fear." *See Hawkins*, 418 S.W.2d at 926. Because we have explained that "the knowledge and mental state of the victim . . . is not the proper focus for the force clause," Jones argues that section 560.120 does not qualify as a violent felony. *See Schaffer*, 818 F.3d at 798.

But Missouri courts expressly rejected this interpretation and mandated an objective rather than a subjective standard. *State v. Vandament*, 299 S.W.2d 532, 535 (Mo. 1957) ("The fear essential to robbery must be caused by [the] accused, intentionally, and not arise from the mere temperamental timidity of the victim."); *State v. Parker*, 170 S.W. 1121, 1123 (Mo. 1914) ("The fright of him who is robbed must be under the law an objective fright, as contradistinguished from subjective fright . . . ."); *State v. Hamilton*, 513 S.W.2d 771, 772 (Mo. Ct. App. 1974). Thus, to the extent that *Stokeling* left this question open, we conclude that a conviction under section 560.120 that involved putting a victim in fear of immediate injury qualifies as a violent felony because it has as an element the "threatened use of physical force against the person of another." *See Schaffer*, 818 F.3d at 798.

Because a conviction under section 560.120 categorically satisfies the force clause, we affirm the district court's order denying Jones's successive § 2255 motion.[3]

——————————————

——————————————

[3]We permitted the parties to file supplemental briefing on the possible applicability of our decision in *Walker v. United States*, 900 F.3d 1012 (8th Cir. 2018), which addresses the threshold requirements for filing a successive § 2255 motion. We need not discuss the issues raised in the parties' supplemental briefs. As we recently explained, *Walker* does not "require a remand that serves no practical purpose . . . because the merits make clear that a movant is not entitled to relief." *Dembry v. United States*, 914 F.3d 1185, 1188 (8th Cir. 2019). Under Supreme Court and Eighth Circuit precedent, Jones's robbery and assault convictions are violent felonies, and remanding for the district court to determine whether his original ACCA sentence relied on the residual clause would serve no practical purpose.