# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1582
_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Lee Hamilton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 17, 2020
Filed: February 9, 2021
[Unpublished]

_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jacob Lee Hamilton pleaded guilty to possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g). The district court[1] sentenced Hamilton to 180 months' imprisonment after concluding that Hamilton's three prior convictions for

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Minnesota recidivist domestic assault, *see* Minn. Stat. § 609.2242(4), qualified as violent felonies, triggering a sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Hamilton appeals, arguing that his domestic-assault convictions are not violent felonies under the ACCA. We review this issue *de novo*. *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016).

Hamilton concedes that his domestic-assault convictions are "violent" under the ACCA. *See id.* (holding that Minnesota domestic assault has the element of force necessary to qualify as "violent" for the purposes of the ACCA). But he denies that his domestic-assault convictions are "felonies" under the ACCA. To constitute a "felony" under the ACCA, a crime must be "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). Each of Hamilton's domestic-assault convictions was punishable by up to five years' imprisonment. *See* Minn. Stat. § 609.2242(4). As Hamilton points out, however, the conduct for which he was convicted would have been punishable by no more than ninety days' imprisonment but for the application of a recidivism enhancement. *See id.* §§ 609.03(3), 609.2242(1). Hamilton argues that, when determining whether a crime qualifies as a "felony" under the ACCA, we should look to the punishment prescribed for the conduct that constitutes the crime without any recidivism enhancements.

Our decision in *United States v. Perry*, 908 F.3d 1126 (8th Cir. 2018), forecloses Hamilton's argument. There, we held that a recidivist "domestic-assault conviction [under Minnesota Statutes section 609.2242(4)] comfortably fits both parts of ACCA's definition of a 'violent felony.'" *Perry*, 908 F.3d at 1133. Because "Minnesota domestic assault involves force," we held that it is "violent" under the ACCA. *Id.* (citing *Schaffer*, 818 F.3d at 798). And because recidivist Minnesota domestic assault is punishable by up to five years' imprisonment, we held that it also constitutes a "felony" under the ACCA. *Id.*

Hamilton attempts to evade the relevant discussion in *Perry* by characterizing it as dicta. Noting that "we are generally not bound by a prior panel's implicit resolution of an issue that was neither raised by the parties nor discussed by the

panel," *Streu v. Dormire*, 557 F.3d 960, 964 (8th Cir. 2009), Hamilton claims that the parties in *Perry* did not raise the issue whether Minnesota recidivist domestic assault qualifies as a violent felony under the ACCA. Even assuming this is true, however, the panel did discuss the issue. *See Perry*, 908 F.3d. at 1133. And the panel's resolution of the issue was essential to its disposition of the case: we could not have affirmed the district court's application of a sentence enhancement under the ACCA if the defendant's conviction under Minnesota Statutes section 609.2242(4) had not qualified as the defendant's third violent felony. *See Perry*, 908 F.3d. at 1130-34. Therefore, *Perry*'s assertion that Minnesota recidivist domestic assault qualifies as a violent felony under the ACCA constitutes a holding that is binding on future panels, including us. *See Telescope Media Grp. v. Lucero*, 936 F.3d 740, 759 (8th Cir. 2019) (explaining that an assertion of law constitutes a "holding" if it is "essential to the judgment in [the] case"); *Yankton Sioux Tribe v. U.S. Army Corps of Eng'rs*, 606 F.3d 895, 899 (8th Cir. 2010) (describing "the holding" of a prior panel as "binding on" a subsequent panel).

We conclude that the district court correctly treated Hamilton's three prior convictions for recidivist domestic assault under Minnesota Statutes section 609.2242(4) as violent felonies for the purposes of the ACCA. Accordingly, we affirm.

_____