# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1888

_____

United States of America,

        Appellee,

v.

John Berger,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\*
\*

_____

Submitted: December 11, 2008
Filed:  February 2, 2009

_____

Before MELLOY and BENTON, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

BENTON, Circuit Judge.

John Berger was charged with possession with intent to distribute 1,4 butanediol or BDO (Count I), distribution of cocaine (Count II), distribution of BDO with the death of Tressa Gross resulting (Count III), and possession with intent to distribute BDO with the death of Tressa Gross resulting (Count IV). In the district

_____

[1] The Honorable Paul A. Magnuson, Senior United States District Judge for the District of Minnesota, sitting by designation.

court,[2] Berger pled guilty to Counts I and II and the lesser-included charges of Counts III and IV, without the death-resulting clauses.

Berger challenges his conviction for the three counts involving BDO, a statutory analogue of gamma-hydroxybutyric acid (GHB). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

This court reviews a district court's factual findings for clear error and its legal determinations de novo. *Ryan v. United States*, 534 F.3d 828, 831 (8th Cir. 2008). This court may affirm the judgment of the district court on any basis supported by the record. *Moore v. Forrest City Sch. Dist.*, 524 F.3d 879, 885 (2008).

## A.

Berger contends that GHB was not a controlled substance under federal law at the time of the conduct charged in his indictment and therefore, the district court lacked jurisdiction. The Farias-Reid Date Rape Drug Prohibition Act directed the Attorney General to schedule GHB as a controlled substance:

> The Congress finds that the abuse of illicit gamma hydroxybutyric acid is an imminent hazard to the public safety. Accordingly, the Attorney General, notwithstanding sections 201(a), 201(b), 201(c), and 202 of the Controlled Substances Act, shall issue, not later than 60 days after the date of the enactment of this Act, a final order that schedules such drug (together with its salts, isomers, and salts of isomers) in the same

---

[2] The Honorable Catherine D. Perry, United States Judge for the Eastern District of Missouri.

schedule under section 202(c) of the Controlled Substances Act as would apply to a scheduling of a substance by the Attorney General under section 201(h)(1) of such Act (relating to imminent hazards to the public safety) . . . .[3]

**Pub. L. No. 106-172, § 3(a)(1), 114 Stat. 7 (2000)**. Berger claims the Farais-Reid Act authorized only temporary scheduling of GHB, which expired before the conduct charged.

Construing a statute, this court looks first to its plain meaning. ***United States v. Howell***, 531 F.3d 621, 622 (8th Cir. 2008). Berger asserts that the GHB scheduling was temporary because the statute directs the Attorney General to schedule GHB "as would apply to a scheduling of a substance" under section 811(h), the temporary scheduling provision. However, this interpretation ignores the prior clause directing the Attorney General to schedule GHB "in the same schedule" as would apply to a scheduling of a substance under section 811(h), which is Schedule I. Also, the statute directs scheduling in the same schedule "as would apply" to scheduling under section 811(h), indicating that scheduling under section 811(h) does not apply. The plain language of the statute directs the Attorney General to bypass the usual scheduling procedures of 21 U.S.C. §§ 811(a) - (c), and permanently schedule GHB as a controlled substance. *See **United States v. Turcotte***, 286 F. Supp. 2d 947, 952 (N. D. Ill. 2003), *aff'd on other grounds*, 405 F.3d 515 (7th Cir. 2005), *cert. denied*, 53 U.S. 1089 (2006).

---

[3] Sections 201(a), 201(b), 201(c), 201(h), and 202(c) of the Controlled Substances Act are sections 811(a), 811(b), 811(c), 811(h), and 812(c) of Title 21 of the United States Code, and contain procedures for scheduling controlled substances.

As a result, GHB was placed in Schedule I:

> This is a final rule issued by the Deputy Administrator of the Drug Enforcement Administration (DEA) placing gamma-hydroxybutyric acid (GHB) and its salts, isomers, and salts of isomers into Schedule I of the Controlled Substances Act (CSA) pursuant to Public Law 106-172.

**65 Fed. Reg. 13,235 (March 13, 2000)**, *codified at* 21 C.F.R. pts. 1301 and 1308.

Berger additionally claims that the DEA's final rule was invalid because it did not comply with the rulemaking procedures of 21 U.S.C. § 811(h)(1)(A). However, as explained, the temporary scheduling procedures of section 811(h) do not apply to the permanent scheduling directed by the Farais-Reid Act. The DEA's final rule was valid; the scheduling of GHB was still in effect at the time of the conduct charged in Berger's indictment.

B.

Berger also argues that the controlled-substance-analogue statute is unconstitutionally vague. To defeat a vagueness challenge, a penal statute must pass a two-part test: The statute must first provide adequate notice of the proscribed conduct, and second, not lend itself to arbitrary enforcement. ***United States v. Bamberg***, 478 F.3d 934, 937 (8th Cir. 2007). Berger contends that the analogue statute lends itself to arbitrary enforcement.

A controlled-substance analogue is a substance "the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II" and which has a similar effect on the central nervous system or is represented or intended to have a similar effect on the central nervous system. **21 U.S.C. § 802(32)**. Berger was convicted of crimes involving BDO, a GHB analogue. He

claims that gamma-valerolactone (GVL) – a legal substance – also fits the definition of a GHB analogue. Therefore, he concludes that since the statute is enforced with respect to BDO, but not GVL, it lends itself to arbitrary enforcement.

According to experts for both sides, GHB and BDO are both open compounds that do not contain a methyl group. GVL is a closed compound that does contain a methyl group. Therefore, while the chemical structure of BDO is substantially similar to that of GHB, the chemical structure of GVL is not. Further, BDO actually metabolizes into GHB in the human body, but GVL does not. On this record, GVL is not a controlled-substance analogue of GHB under 21 U.S.C. § 802. Therefore, the statute is not unconstitutionally vague.

## II.

The judgment of the district court is affirmed.

_____