# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1334

_____

United States of America

*Plaintiff - Appellee*

v.

Eric L. Price

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 14, 2016
Filed: March 21, 2017
[Published]

_____

Before RILEY,[1] Chief Judge, SMITH and KELLY, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

Eric Price was sentenced to 110 months' imprisonment after pleading guilty to possessing firearms as a felon. The district court[2] calculated his base offense level as 24 because of two felony crime-of-violence convictions, and then it applied a four-level enhancement because Price possessed the guns in connection with a felony marijuana offense. Price appeals these enhancements. We affirm.

## I. *Crime of Violence*

We review the crime-of-violence determination de novo. *United States v. Harrison*, 809 F.3d 420, 425 (8th Cir. 2015). Section § 2K2.1(a)(2) of the Guidelines directs a base offense level of 24 when a felon in possession has twice been convicted of a crime of violence. "Crime of violence" means an offense punishable by more than one year in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). "'[P]hysical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

Price argues that his 2011 attempted-aggravated-assault conviction under Kan. Stat. Ann. § 21-3410(a) (2007) (current version at Kan. Stat. Ann. § 21-5412(b)(1) (2011)) did not require proof that he used violent force against another. The statute defines aggravated assault as ordinary assault committed under special circumstances, such as with a deadly weapon. Kan. Stat. Ann. § 21-3410. A companion statute defined ordinary assault as "intentionally placing another person in reasonable apprehension of immediate bodily harm." Kan. Stat. Ann. § 21-3408 (2007) (current version at Kan. Stat. Ann. § 21-5412(a) (2011)). Price contends that we recently held an indistinguishable Arkansas statute not to require violent force. *See United States v. Jordan*, 812 F.3d 1183, 1186 (8th Cir. 2016). The Arkansas statute, though, is distinguishable. It requires only that the defendant "create[] a substantial danger of

---

[2]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

death or serious physical injury." *Id.* (quoting Ark. Code Ann. § 5-13-204(a)(1)). The Kansas statute, on the other hand, requires that the defendant make the victim reasonably fear immediate physical harm. We recently addressed a similar Minnesota statute requiring proof of an "act with intent to cause fear in another of immediate bodily harm or death." *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (quoting Minn. Stat. § 609.2242, subd. 1(1)). The Minnesota statute, we concluded, requires violent force. *Id.* at 798. The Kansas aggravated-assault statute likewise requires violent force.

Price contends that the government did not raise this force-clause argument below and should be unable to do so now. The government, however, is not seeking review of the district court's decision. Its appellate arguments are not essential to our review. We may affirm the district court judgment for any reason the record supports. *United States v. Berger*, 553 F.3d 1107, 1109 (8th Cir. 2009). Over Price's objection, the district court accepted the presentence report's findings and conclusions, which determined "that both [prior convictions] fall under the 'force' clause of § 4B1.2(a)(1)." In sum, the record supports the district court's conclusion that Price's prior convictions fall under the force clause of § 4B1.2(a).

Price also argues that Kansas law defines "attempt" more broadly than does the common law. Price did not present this argument to the district court. "To preserve an error for appellate review, an objection must be timely and must 'clearly stat[e] the grounds for the objection.' Errors not properly preserved are reviewed only for plain error . . . ." *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (alteration in original) (citation omitted) (quoting *United States v. Williams*, 994 F.2d 1287, 1294 (8th Cir. 1993)). The government notes that, under our cases, if a completed crime is a crime of violence, then an attempt to commit it "automatically qualifies…under the binding commentary to § 4B1.2." *United States v. Sawyer*, 588 F.3d 548, 556 (8th Cir. 2009), *abrogated in part by United States v. Eason*, 829 F.3d 633, 641 (8th Cir. 2016); *see also United States v. Brown*, 550 F.3d 724, 728 (8th Cir.

2008) (Guidelines consider an aiding-and-abetting conviction to be a conviction for the underlying offense). In light of this caselaw, Price's asserted error is not plain. *See United States v. Anderson*, 783 F.3d 727, 741 (8th Cir. 2015).

## II. *Marijuana Offense.*

We review a possession-in-connection-with-another-felony enhancement for clear error. *United States v. Bates*, 614 F.3d 490, 493 (8th Cir. 2010). Section § 2K2.1(b)(6)(B) of the Guidelines calls for a four-level enhancement when the defendant "[u]sed or possessed any firearm . . . in connection with another felony offense."

The district court found that Price's guns were linked to more than 600 grams of marijuana found in the trunk of the car that he occupied. The evidence at sentencing established that on June 13, 2014, a white Chevy Malibu backed into a residential driveway. Price got out of the front passenger seat and went into the house. Then someone opened the garage door from the inside, and a backseat passenger got out of the car. The car's trunk opened, and Price and the other passenger made three or four trips carrying things from the trunk to the garage. The other passenger closed the trunk and got back into the car. Price closed the garage and also got back into the car and left. Police soon stopped the car and arrested Price. More than 600 grams of marijuana was found in the trunk—all of it was in heat-sealed or Ziploc baggies. Some of it was found inside a pillow case and some in white grocery bags. Four guns were also found in the car, including a loaded MAC-10-style gun and a Beretta pistol in the trunk. Price pleaded guilty to knowingly possessing these guns.

Price argues that the evidence does not support a finding that he constructively possessed the marijuana. We disagree. Price knew about and exercised dominion or control over the marijuana. *See United States v. Scofield*, 433 F.3d 580, 586 (8th Cir. 2006) (constructive possession arises from knowledge and control or dominion). The only material difference between the guns in the trunk, which Price admits knowingly

possessing, and the marijuana in the trunk, which he denies knowingly possessing, is that the marijuana was not in plain sight but was packaged. The trained narcotics officer, though, testified that the marijuana was in plain smell:

> Q.    All right. So if—if someone was just sort of looking there or casually observing the trunk, you wouldn't notice that marijuana until you moved some stuff around; right?

> A.    Well, you could smell it.

Price transferred items from the car trunk to the house. He knowingly possessed the guns in the trunk. And the marijuana odor in the trunk was obvious. This is sufficient circumstantial evidence to establish by a preponderance that Price possessed the guns in connection with a marijuana felony. This case is therefore unlike *Scofield*, in which the government failed to prove constructive possession beyond a reasonable doubt because it "presented no evidence that [the defendant] knew the drugs were stored in the garage." 433 F.3d at 586. The possession evidence is not overwhelming, but it is sufficient.

## III. *Conclusion*

Accordingly, we affirm.

_____