# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-1914

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Gregory Sewalson,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Western

——————————

Submitted: February 14, 2022
Filed: June 13, 2022

——————————

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Gregory Sewalson pleaded guilty to unlawful possession of a firearm and ammunition as a convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Police found a loaded revolver at Sewalson's residence in a bedroom where they also seized quantities of methamphetamine that were suitable for distribution and other evidence

of drug trafficking. Officers seized the gun from an area above a removable ceiling tile in the bedroom.

In calculating an advisory guideline range at sentencing, the district court[1] found based on the evidence of drug trafficking that Sewalson possessed the firearm "cited in the offense of conviction in connection with the commission . . . of another offense." USSG § 2K2.1(c)(1). Therefore, the court applied a cross-reference under § 2K2.1(c)(1)(A) and applied § 2X1.1 in respect to the offense of possession with intent to distribute methamphetamine. As a result, the base offense level under § 2X1.1(a) was 32 based on USSG § 2D1.1(a)(5), (c)(5), and (b)(1), and Sewalson's guideline sentence was the statutory maximum term of 120 months' imprisonment. *See id.* § 5G1.1(a). The court varied downward and imposed a sentence of 102 months.

Sewalson argues that the district court erred by applying the cross reference, and that the error increased his advisory guideline sentence. He contends that the cross reference applies only when the firearm is "actively used" during the commission of another offense, not when it is simply possessed. He contends that the district court instead should have applied a base offense level of 14 under USSG § 2K2.1(a)(6) with a four-level increase under § 2K2.1(b)(6) for possession of a firearm "in connection with another felony offense." His suggested approach would have produced an advisory range of 46 to 57 months' imprisonment after all adjustments.

We conclude that the district court properly applied the cross reference under § 2K2.1(c)(1). The guideline states that it applies "[i]f the defendant used *or possessed*" the firearm. USSG § 2K2.1(c)(1) (emphasis added). By its plain terms,

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

the guideline extends beyond "use" to "possession," as long as the possession is "in connection with the commission" of another offense. The guideline commentary specifies that the cross reference applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1, comment. (n.14(B)). This commentary fits Sewalson's case precisely. According to the plain meaning of § 2K2.1(c), as explained more specifically by the commentary, active use of the firearm is not required for application of the cross reference.

Sewalson relies on *United States v. Myers*, 112 F.3d 406 (9th Cir. 1997), where the court concluded that § 2K2.1(c) applied only when a firearm is "actually used" in connection with the commission of another offense. *Id.* at 411. The Ninth Circuit perceived a difference in meaning between § 2K2.1(b)(5) (now (b)(6)) and § 2K2.1(c)(1). The former assessed a four-level increase when a firearm was possessed "in connection with another felony offense," and the latter called for a cross reference when a firearm was possessed "in connection with *the commission . . . of* another offense." The Ninth Circuit thought the words "the commission of" in § 2K2.1(c) implied a requirement that the firearm was "actually used" in another offense, while the four-level increase under § 2K2.1(b)(5) applied in a case of possession. 112 F.3d at 410-11. *But see United States v. Varela*, 586 F.3d 1249, 1253-54 (10th Cir. 2009).

We believe that the conclusion in *Myers* is contrary to the plain meaning of the guideline. The cross reference applies when a gun is "used" or "possessed." And a firearm may be possessed in connection with the commission of a drug trafficking offense even if the gun is not actively employed—possession of a handgun for protection of drugs and drug proceeds is one ready example. *See United States v. Stobaugh*, 420 F.3d 796, 802 (8th Cir. 2005). We note also that the Sentencing Commission, after *Myers*, amended the guideline commentary to specify that both subsections (b)(6) and (c)(1) apply in the case of a drug trafficking offense when a

gun is found in close proximity to drugs. USSG App. C, Amend. 691 (Nov. 1, 2006). The authoritative commentary eliminates any ambiguity that might have existed when *Myers* was decided. *See Stinson v. United States*, 508 U.S. 36, 38 (1993).

The judgment of the district court is affirmed.

_____