# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2794
_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Carnell Edwards, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 8, 2024
Filed: May 9, 2024
[Unpublished]
_____

Before SMITH, WOLLMAN, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Calvin Carnell Edwards, Jr., pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and to illegally possessing a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). The

district court[1] sentenced Edwards to 84 months' imprisonment, a sentence within the advisory U.S. Sentencing Guidelines range. Edwards appeals, challenging the decisions to increase his base offense level by four for possessing a firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6)(B), and to deny the two-level reduction for accepting responsibility, U.S.S.G. § 3E1.1(a). We affirm.

C.T. called 911 on August 31, 2022, to report a domestic assault. When the Des Moines, Iowa, police officers arrived at her apartment complex, C.T. was holding her toddler and waiting in her car in the nearby parking lot. She had left her apartment because Edwards had kicked in the door and she could no longer secure it. C.T. told officers that Edwards had "smacked [her] around," pointed a gun at her, and chambered a round. C.T. described the firearm as a Glock with a switch.

Officers located Edwards shortly thereafter and removed the gun that he said was tucked into his waistband. The firearm was a Glock, model 22, .40 caliber pistol that had a round in the chamber and fourteen rounds in the magazine. The pistol had an automatic selector switch attached to the rear slide, which converted the pistol into a fully automatic firearm.

While incarcerated, Edwards was involved in seven physical altercations among inmates, some of which resulted in injury. He sexually harassed a nurse, asking if she wanted to see his penis, and returned to the examination room with his hand down his pants after his medical appointment had ended. Edwards also wrongfully used several inmates' accounts to make phone calls, lied about doing so, made derogatory comments to a correctional officer, and conspired with another inmate to submit a false Prison Rape Elimination Act report.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

We conclude that the district court correctly applied the offense-level increase for possessing a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The commentary defines felony offense as an offense "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2K2.1 cmt. n.14(C). Edwards committed the offense of displaying a dangerous weapon in connection with an assault, an aggravated misdemeanor under Iowa law. Iowa Code § 708.2(3). The offense is punishable by a term of imprisonment not to exceed two years, however. Iowa Code § 903.1(2). "A crime designated as an aggravated misdemeanor under Iowa law falls within the Guidelines definition of felony offense." United States v. Holm, 745 F.3d 938, 941 (8th Cir. 2014); see United States v. Miller, 11 F.4th 944, 951 (8th Cir. 2021); United States v. Anderson, 339 F.3d 720, 724 (8th Cir. 2003).

The district court likewise did not err in denying Edwards the offense-level reduction for "clearly demonstrat[ing] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Although Edwards disclosed his firearm when arrested and promptly entered a guilty plea, he did not thereafter terminate his criminal conduct or engage in rehabilitative efforts. See U.S.S.G. § 3E1.1 cmt. n.1(B) and (G). "[W]e have consistently affirmed denials of this reduction to defendants whose conduct belies their claims of contrition, even where that conduct was unrelated to the underlying offense and committed in jail while awaiting sentencing." United States v. Chappell, 69 F.4th 492, 494 (8th Cir. 2023) (internal quotation marks and citations omitted).

We also conclude that the district court did not commit procedural error by declining to apply Kisor v. Wilkie, 139 S. Ct. 2400 (2019), to decide whether the Guidelines commentary remains authoritative. See Stinson v. United States, 508 U.S. 36, 38 (1993); United States v. Mendoza-Figueroa, 65 F.3d 691, 692 (8th Cir. 1995)

(en banc); <u>United States v. Rivera</u>, 76 F.4th 1085, 1089–91 (8th Cir. 2023); <u>United States v. Cooper</u>, 998 F.3d 806, 810 (8th Cir. 2021); <u>see also</u> <u>United States v. Sewalson</u>, 36 F.4th 832, 834 (8th Cir. 2022).

The judgment is affirmed.

_____